441 A.2d 1220

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael SANFORD, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1982.

Decided March 10, 1982.

Timothy J. Savage (Court-appointed), Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div. Asst. Dist. Atty., Steven J. Cooperstein, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

LARSEN, Justice.

On January 5, 1976, appellant, Michael Sanford, met with approximately one dozen gang members in order to retaliate against someone who had previously harmed one of the members in appellant's gang. Armed with knives and screwdrivers, appellant and a dozen or so other members ambushed three boys coming out of a grocery store, stabbing all three and killing Steven Johnson. Appellant was placed under arrest after being questioned later the same evening.

Appellant, was tried without a jury before the Honorable Marvin R. Halbert, Court of Common Pleas of Philadelphia County. He was found guilty of murder of third degree, criminal conspiracy and various weapons offenses. Appellant filed a motion for a new trial and in arrest of judgment and on December 14, 1976, Judge Halbert granted appellant's motion for a new trial.

Shortly thereafter, appellant, represented by the same counsel, was retried before the Honorable Juanita Kidd Stout and was again convicted of murder in the third degree, criminal conspiracy and weapons offenses. Following a denial of posttrial motions, Judge Stout sentenced appellant to fifteen months to five years for murder of the third degree, computed from the time of arrest. Sentences

were suspended on the other convictions. Appellant did not file a direct appeal.

Subsequently, appellant filed a *pro se* petition under the Post-Conviction Hearing Act (P. C. H. A.).[1] New counsel was appointed and an amended petition was filed alleging that appellant was "placed twice in jeopardy when he was tried a second time for the same offense." Appellant's petition also alleged that he was denied effective representation because his attorney did not attempt to have the charges dismissed based on a violation of Pa.R.Crim.P. 1100(a)(2). The P. C. H. A. court denied the petition and appellant appealed to this Court.[2]

■ We need not reach the merits of appellant's double jeopardy claim. Appellant's voluntary act of seeking and receiving a new trial constitutes a waiver of any double jeopardy claim. *Commonwealth v. Thomas*, 448 Pa. 42, 292 A.2d 352 (1972). *See Commonwealth v. Melton*, 406 Pa. 343, 178 A.2d 728 (1962) and *Com. ex rel. Patrict v. Banmiller*, 398 Pa. 163, 157 A.2d 214 (1960).

■ Appellant's claim of ineffectiveness of counsel is also without merit. A complaint was filed against appellant on January 6, 1976. The Rule 1100 run date was July 4, 1976, a Sunday. In 1976, since the Fourth of July fell on a Sunday, it was celebrated on Monday, July 5th. The courts were closed that Monday and appellant was brought to trial the following day, Tuesday, July 6, 1976. Section 1908 of the Statutory Construction Act[3] provides that "[w]henever the last day of any such period [of time referred to in a statute] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the

1. Act of January 25, 1966, 19 P.S. § 1180–1—1180–12 (Supp.1981–82).

2. Appellant appeals only his conviction for murder of the third degree.

3. Statutory Construction Act of 1972, P.L. 1339, No. 290 § 3, 1 Pa.C.S.A. § 1908 (Supp.1981–82).

computation." Section 1908 of the Act applies to the Rule 1100 run date calculation. *Commonwealth v. Jones*, 473 Pa. 211, 373 A.2d 1338 (1977); *See also* Pa.R.Crim.P. 2. Thus, the 4th and 5th of July were excluded from the computation of the 180 days. Consequently, appellant's Rule 1100 claim is baseless. Appellant's counsel cannot be found ineffective for failing to pursue a meritless claim. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981).

Accordingly, the P. C. H. A. court's order denying appellant post-conviction relief is affirmed.