648 A.2d 1308

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**William J. RICHARDSON.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 29, 1994.

Decided Sept. 27, 1994.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

William Richardson, appellee, for himself.

Before CRAIG, President Judge, and NEWMAN, J., and DELLA PORTA, Senior Judge.

CRAIG, President Judge.

The Department of Transportation, Bureau of Driver Licensing (the department) appeals an order of the Court of Common Pleas of Allegheny County that sustained the statutory appeal of William Richardson from the department's 1992 revocation of his operating privileges for an act Richardson committed in 1980 but for which he was not convicted until 1992.

There is no dispute in this case that the department has legitimately established a prima facie case against Richardson. The question on appeal is whether the department can revoke Richardson's operating privileges twelve years after the illegal act when the reason for delay is that Richardson failed to respond to the 1980 citation until 1991. We agree that the

department acted correctly in revoking Richardson's license, and we reverse the trial court.

The facts, as found by the trial court, are as follows. On October 1, 1979, Richardson was convicted for his April 1979 violation of § 1543 of the Vehicle Code, 75 Pa.C.S. § 1543 (driving with a suspended license). He was convicted for violating the same law on May 5, 1980 for his actions in May of 1978, and convicted again on July 11, 1980 for his actions in June 1978. Thus, by mid–1980, Richardson had three convictions under § 1543 of the Code.

On December 8, 1980, Richardson was cited again for violating § 1543. However, he failed to respond to the citation and the department suspended his operating privileges indefinitely under § 1533 of the Code, 75 Pa.C.S. § 1533, on October 3, 1982 and again on December 3, 1982.

Richardson did not respond to his 1980 citation until 1991. He then pleaded guilty to that charge and paid the fine. The district magistrate notified the department of Richardson's conviction on January 14, 1992, under § 1543 for the citation issued in 1980.

Three months and three weeks later, on May 8, the department notified Richardson that his license was being revoked because his latest conviction made him a "habitual offender" under § 1542(a) of the Code 75 Pa.C.S. § 1542(a). Richardson filed a statutory appeal on May 13, and on September 9, 1992, the parties appeared before the trial court for a hearing de novo. On that same day, the trial court sustained Richardson's appeal and then the department appealed to this court.

Our standard of review in statutory appeals under 75 Pa.C.S. § 1550 from a department license revocation is limited. We must determine whether the trial court committed an error of law or fact, or whether it violated constitutional rights. *Department of Transportation, Bureau of Driver Licensing v. Zavodsky*, 161 Pa.Commonwealth Ct. 421, 637 A.2d 673 (1994).

The department's burden of proof in this case is not cumbersome. All that the department needs to prove is that Richardson was convicted of the underlying offense and that the department has statutory authority to revoke Richardson's license. The parties do not contest that Richardson was convicted for the four citations listed above.

Section 1542 of the Code, 75 Pa.C.S. § 1542, requires the department to revoke the operating privilege of habitual vehicle code offenders. That section provides the following rules and definition:

### § 1542. Revocation of habitual offender's license.

**(a) General rule.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) *committed* after the effective date of this title and within any period of five years thereafter.

**(b) Offenses enumerated.**—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender.

(1) *Any offense set forth in section 1532* (relating to revocation or suspension of operating privilege).

(2) Operation following suspension of registration as defined in section 1371 (relating to operating following suspension of registration).

(3) Making use of or operating any vehicle without the knowledge or consent of the owner or custodian thereof.

(4) Utilizing a vehicle in the unlawful transportation or unlawful sale of alcohol or any controlled substance.

(5) Any felony in the commission of which a court determines that a vehicle was essentially involved.

**(c) Accelerative Rehabilitative Disposition as an offense.**—Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section.

**(d) Period of revocation.**—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

**(e) Additional offenses.**—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years. (Emphasis added.)

In this case, Richardson was convicted four times for violating § 1543 of the Code, 75 Pa.C.S. § 1543. Driving while operating privileges are revoked or suspended is a specifically enumerated offense found under § 1532(b)(2) of the Code, 75 Pa.C.S. § 1532(b)(2).

In addition, this court has previously stated that, for purposes of determining the five-year period under § 1542 of the Code, 75 Pa.C.S. § 1542, we must look at the dates that the licensee actually committed the violations, not the dates of convictions. *Sanders v. Department of Transportation, Bureau of Traffic Safety,* 89 Pa.Commonwealth Ct. 609, 493 A.2d 794 (1985).

 Richardson's driving history indicates that he committed four offenses under § 1532 of the Code between 1979–1980, a two-year period. Therefore, the department proved that Richardson was convicted and that it is authorized—in fact, required—to revoke his license. Thus, the trial court erred in sustaining Richardson's appeal.

However, Richardson and the trial court believed that the department took too long to revoke Richardson's license. Yet, Richardson himself caused the delay by not responding to the 1980 citation until 1991. Thus, as in cases where the courts have taken considerable time to certify a conviction to the department, we hold that Richardson's delayed response to his 1980 citation was not attributable to the department. *See,*

*e.g., Department of Transportation v. Georgiadis,* 116 Pa.Commonwealth Ct. 563, 542 A.2d 225 (1988).

■ Richardson contends that he paid the fine under the instructions of a department representative who assured Richardson that he would then get his operating privileges reinstated. Of course, the department did reinstate Richardson's operating privileges, but then revoked his license under § 1542 of the Code, 75 Pa.C.S. § 1542. However, even if Richardson relied upon the representative's statement, no representative is legally authorized to make extra-judicial deals with licensees in contravention with the laws and regulations of the Commonwealth. In addition, if the representative had correctly stated that Richardson's license would ultimately be revoked, what would Richardson have done differently?

■ The department notified Richardson of his revoked license within four months of his conviction. Four months is a reasonable time for the department to act. *Department of Transportation v. Russo,* 96 Pa.Commonwealth Ct. 187, 506 A.2d 1349 (1986).

Accordingly, the record indicates that Richardson was convicted four times under § 1543 of the Code, 75 Pa.C.S. § 1543, that the department notified him of his revoked operating privileges within four months of his conviction and that all of his convictions were for citations within a five-year period. Therefore, the trial court erred in sustaining Richardson's statutory appeal.

## ORDER

NOW, September 27, 1994, the order of the Court of Common Pleas of Allegheny County dated September 9, 1992 at Docket No. S.A. 1530, is reversed.

This decision was reached before the conclusion of President Judge CRAIG's service.