### Dennis Paul FORD

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

No. 2733 C.D.2000.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 2001.

Decided June 25, 2001.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Amy S. Cunningham, Greensburg, for appellee.

Before McGINLEY, Judge, LEADBETTER, Judge, and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation (Depart-

---

ment) appeals from the November 8, 2000 order of the Court of Common Pleas of Westmoreland County (trial court) that granted the statutory appeal of Dennis Paul Ford (Licensee). The Department had imposed a five-year revocation of Licensee's operating privilege as a habitual offender pursuant to Section 1542(a) of the Vehicle Code, 75 Pa.C.S. § 1542(a). We reverse.

The trial court summarized the facts as follows:

> The records introduced by the [Department] in [its] case in chief established that [Licensee] was charged [with] driving under the influence of alcohol as a result of an incident that occurred on July 4, 1999, in the State of West Virginia.[1] Records introduced by the [Department] established [that] [Licensee] was convicted of driving under the influence of alcohol in West Virginia on September 3, 1999. [Licensee] was sentenced to serve 24 hours in jail and pay a $200.00 fine. The [Department] designated [Licensee] as a habitual offender and imposed a five-year [revocation] of his operating privileges. The designation as a habitual offender arose from two earlier convictions for driving under the influence of alcohol[2] in the Commonwealth of Pennsylvania. The more re-

cent incident occurring on August 24, 1994, resulting in a conviction on October 31, 1994, and the earlier incident occurring on July 4, 1994, resulting in a conviction on October 31, 1994.

(Trial court opinion, pp. 1–2)

The trial court was faced with the issue of whether Licensee's three offenses for driving under the influence fell within five years of one another and, consequently, whether Licensee was properly classified as a habitual offender under Section 1542(a) of the Vehicle Code. In concluding that the offenses did not occur within five years of one another, the trial court found that since Licensee's first offense occurred on July 4, 1994, the first year ended on July 3, 1995. The first day of the second year then began on July 4, 1995. Thus, July 4, 1999, the date of Licensee's West Virginia offense, was the first day of the sixth year, not the last day of the fifth year. Accordingly, because the trial court found that Licensee did not commit the three offenses within a period of five years, it sustained Licensee's appeal. (Trial court opinion, p. 3)[3]

The Department appealed. In its 1925(a)[4] statement to this Court, the trial court adopted the Department's position that Section 1910 of the Statutory Construction Act of 1972(Act)[5] was controlling

---

1. W. Va.Code § 17C–5–2 (1966).

2. 75 Pa.C.S. § 3731.

3. For purposes of determining the five-year period under Section 1542 of the Vehicle Code, we look to the date that the licensee actually committed the violations, not the date of the convictions. *Department of Transportation, Bureau of Driver Licensing v. Richardson*, 167 Pa.Cmwlth. 630, 648 A.2d 1308 (1994); *Department of Transportation, Bureau of Driver Licensing v. Cern*, 145 Pa.Cmwlth. 647, 604 A.2d 1135, 1137 n. 1 (1992). Moreover, two driving under the influence offenses, committed on different dates, but to which the licensee is found guilty on the same

date, are "separate" offenses for purposes of classifying the licensee as a habitual offender under Section 1542. *Deliman v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 388 (Pa.Cmwlth.1998).

4. Pa. R.A.P.1925(a) requires that the trial court set forth in writing a brief statement of the reasons for its decision.

5. 1 Pa.C.S. § 1910, which provides that:

> [w]henever in any statute the lapse of a number of months after or before a certain day is required, such number of months shall be computed by counting the months from such day, excluding the calendar month in

and that, therefore, Licensee's appeal should have been denied. The trial court now asks us to either remand the matter or reverse its November 8, 2000 order.[6]

Section 1542(a) of the Vehicle Code, 75 Pa.C.S. § 1542(a), provides that

[t]he [D]epartment shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the [D]epartment, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

In this appeal, the Department maintains that the trial court was correct in its 1925(a) opinion because the five-year period of Section 1542(a) of the Vehicle Code, as it applied to Licensee, began on July 5, 1994, the day after Licensee's first offense, and ended on July 6, 1999.[7] We agree.

The Department now cites Section 1908 of the Act, which provides that

[w]hen any period of time is referred to in *any statute, such period in all cases,* except as otherwise provided in section 1909 of this title . . . and section 1910 of this title . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

1 Pa.C.S. § 1908 (emphasis added).[8]

In contrast, Licensee maintains that Section 1991 of the Act, 1 Pa.C.S. § 1991, requires that a "calendar year" be used to calculate the five-year period of Section 1542(a) of the Vehicle Code. According to Licensee, his "calendar year" began on July 4, 1994, the day of his first offense, and ended on July 3, 1995. Calculated forward, the five-year period expired on July 3, 1999. He further suggests that Sections 1908 and 1991 of the Act are inconsistent because Section 1908 would exclude July 3, 1994 and Section 1991 would include it in calculating the five-year period. Licensee proposes that Section 1991 of the Act controls.[9]

We disagree that the statutes are irrec-

---

which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month.
1 Pa.C.S. § 1910.

6. The issue before us is solely a question of law and, therefore, our scope of review is plenary. *Deliman v. Department of Transportation, Bureau of Driver Licensing,* 718 A.2d 388 (Pa.Cmwlth.1998).

7. Since July 4, 1999 fell on a Sunday and Monday, July 5th was a legal holiday, the Department maintains that the five-year peri-

od expired on Tuesday, July 6, 1999, two days after Licensee's third offense.

8. Licensee maintains that since the Department did not previously argue Section 1908 of the Act before the trial court, it has waived the right to argue that Section before this Court. However, the Department has continually maintained that the trial court erroneously calculated the five-year period and, therefore, we conclude that Licensee's argument is without merit.

9. Pursuant to Section 1935 of the Act, where two or more statutes enacted on the same date are irreconcilable, the statute bearing the highest number shall prevail. 1 Pa.C.S. § 1935.

oncilable.[10] Section 1991 of the Act defines the term "year" as a "calendar year." The term "calendar year" denotes 365 continual days, or 366 days in a leap year. *Commonwealth v. Fenati*, 561 Pa. 106, 748 A.2d 205 (2000). Section 1991 does not provide the method for determining the day on which to begin the calendar year.

Rather, Sections 1908, 1909 and 1910 of the Act prescribe the methods of determining the specific day on which to begin the calculation of a period of time. Since Section 1909 and 1910 provide for the calculation of weeks and months, respectively, Section 1908 is applicable to the present matter. To reiterate, Section 1908 provides that a time period shall be computed by excluding the first day and including the last day of such period, and where the last day falls on a Saturday, Sunday or legal holiday, that day shall be omitted from the calculation. 1 Pa.C.S. § 1908.

In *Commonwealth v. Sanford*, 497 Pa. 442, 441 A.2d 1220 (1982), our Supreme Court briefly addressed Section 1908 of the Act as it applied to former Pa. R.Crim. P. 1100(a)(2), now Pa. R.Crim. P. 60(A)(2)(relating to prompt trials). In *Sanford*, the appellant claimed that he was denied effective assistance of counsel when counsel failed to have the charges lodged against him dismissed based on a violation of former Rule 1100. The Supreme Court rejected the appellant's argument, noting that the Rule 1100 speedy trial date fell on July 4, 1976, a Sunday, and that the legal holiday was celebrated on July 5, 1976, a Monday. The appellant was then tried on Tuesday, July 6, 1976. The Court cited Section 1908 of the Act and concluded that Sunday and Monday were excluded from the computation of time and that, therefore, the appellant's claim was without merit.

With respect to Licensee, since July 4, 1999 was a Sunday and the following day was a legal holiday, the five-year period under Section 1542(a) of the Vehicle Code began on July 5, 1994 and expired on July 6, 1999. Thus, because Licensee's third offense occurred on July 4, 1999, it was within the five-year period.

We find no support for Licensee's blanket statement that there should be a distinction in calculating a period of time when an act is to be done as opposed to when the passage of time is the only requirement. (Licensee's brief at p. 3) Section 1908 of the Act specifically provides that it is applicable to *"any* statute" and in *"all* cases," except as provided by Sections 1909 and 1910. 1 Pa.C.S. § 1908. We cannot judicially alter the interpretation of a statute where the General Assembly has failed to do so legislatively. *Vlasic Farms, Inc. v. Pennsylvania Labor Relations Board*, 734 A.2d 487 (Pa.Cmwlth.), *appeal granted*, 561 Pa. 664, 747 A.2d 904 (1999).

Accordingly, we reverse.

### ORDER

AND NOW, this 25th day of June, 2001, the November 8, 2000 order of the Court of Common Pleas of Westmoreland County is hereby REVERSED and the revocation imposed by the Department of Transportation, Bureau of Driver Licensing, is REINSTATED.

**10.** *See* Section 1921 of the Act, 1 Pa.C.S. § 1921 ("Every statute shall be construed, if possible, to give effect to all of its provisions.")