J-S25036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY DAVID CLARK | : | No. 1706 WDA 2017 |

Appeal from the Order Entered November 6, 2017
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000593-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 7, 2018**

The Commonwealth of Pennsylvania appeals the order of the Court of Common Pleas of McKean County, entered November 6, 2017, granting the motion of Jeremy David Clark pursuant to Pa.R.Crim.P. 600 and dismissing the Commonwealth's case against Clark.  The Commonwealth had charged Clark with two counts of statutory sexual assault and one count each of aggravated indecent assault and indecent assault.[1]  After careful review, we affirm.

A criminal complaint was filed against Clark on October 4, 2015.  Clark's preliminary hearing was originally scheduled for October 15, 2015, but,

---

[1]  18 Pa.C.S. §§ 3122.1(b), 3125(a)(8), and 3126(a)(7), respectively.

pursuant to his request, it was continued until October 21, 2015. Again at his request, the preliminary hearing was continued until November 18, 2015.

Clark's "last day to plea"[2] was originally assigned for January 28, 2016; it was rescheduled to July 21, 2016, pursuant to multiple requests by Clark. On September 15, 2016, the Commonwealth scheduled the case for trial on January 30, 2017. Clark requested that the case be stricken from the trial list and continued his last day to plea from October 28, 2016, to December 9, 2016.

On December 6, 2016, Clark filed a motion to continue the last day to plea. On December 9, 2016, the trial court entered the following order: "AND NOW, this 9th Day of December, 2016, for reasons that became apparent at today's scheduled hearing on [Clark]'s Supplement to Pretrial Motion, a continuation of this hearing shall be scheduled for February 7th, 2017 at 9:00 a.m." Order, 12/9/2016. The order made no specific reference to the last day to plea or to Clark's motion to continue the last day to plea, but the parties do not dispute that the last day to plea was continued to February 7, 2017.

---

[2] During the hearing on the Rule 600 motion, the office manager for the McKean County District Attorney's Office, Julie Comes, testified that, in McKean County, a defendant is assigned a "last day to plea"; on that date, the defendant must enter a guilty plea, list the case for trial, or request a continuance. N.T., 11/6/2017, at 6-7. The last day to plea is assigned when the preliminary hearing is held or waived. *Id.* at 7.

On February 7, 2017, the trial court granted Clark's request for a bill of particulars and scheduled a status conference for April 21, 2017.[3]  Nothing in the record indicates that, on February 7, 2017, Clark entered a plea, the Commonwealth listed the case for trial, or either party requested a continuance of the last day to plea.

On February 17, 2017, the Commonwealth answered Clark's request for a bill of particulars.  In March 2017, Clark filed a motion to compel further particulars, which the trial court granted.

> On May 16, 2017, by . . . order [of the trial court, Clark]'s Last Day to Plea was scheduled for June 29, 2017, at which time a Not Guilty Plea was entered of record.  The Commonwealth took no further action until September 25, 2017, at which time the case was listed for trial for November 13 & 14, 2017.

Trial Court Opinion, 11/6/2017, at 2.

On October 20, 2017, Clark filed a motion to dismiss with prejudice, asserting that the Commonwealth had violated Pa.R.Crim.P. 600(A), requiring the Commonwealth to bring a defendant to trial within 365 days of the filing of the criminal complaint.  On November 6, 2017, the Commonwealth filed an answer to Clark's motion, and the trial court held a Rule 600 hearing.  At the hearing, the office manager for the District Attorney's Office, Julie Comes, testified that, in McKean County, the Commonwealth retains sole discretion as

_____

[3] The record is unclear as to whether the status conference occurred.

to when cases are listed for trial.  N.T., 11/6/2017, at 14.  She also testified about various trial dates.  *Id.* at 13-16.[4]

During the hearing, defense counsel presented an order dated December 28, 1999, from the then-president judge of McKean County, promulgating that the district attorney is given exclusive control over what cases are scheduled for the available trial dates in a given year.  Order, 12/28/1999, at ¶ 3.[5]

Immediately following the hearing, the trial court entered an order dismissing the charges against Clark.  This appeal followed.[6]

The Commonwealth raises the following question on appeal:

Whether the [t]rial [c]ourt erred and misapplied the law where it granted [Clark]'s Motion to Dismiss Pursuant to Pa. R. Crim. P. 600?

Commonwealth's Brief at 2.

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion.

_____

[4]  Ms. Comes testified that, from January 2016 until November 6, 2017, 83 jury trial dates were available to the Commonwealth, of which 33 went unused by the Commonwealth for any matter.  N.T., 11/6/2017, at 14-15.

[5]  The order of December 28, 1999, also decreed that only three days per month were to be reserved by the court administrator for criminal trials and that all criminal trials must be scheduled at least 30 days in advance.  Order, 12/28/1999, at ¶¶ 1, 3.

[6]  On November 25, 2017, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order.  On December 5, 2017, the Commonwealth complied.  On January 23, 2018, the trial court entered an order that the memorandum opinion that accompanied its order of November 6, 2017, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Hunt*, 858 A.2d 1234, 1238–1239 (Pa. Super. 2004) (*en banc*) (internal brackets, citations, ellipses, and quotation marks omitted; some formatting).

Rule 600 provides, in pertinent part:

**(A) Commencement of Trial; Time for Trial** . . .

    (2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

. . .

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

. . .

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

*Comment:* . . . For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time.

Pa.R.Crim.P. 600(A)(2)(a), (C)(1), (C)(3)(a)(i)-(ii) & cmt.

Rule 600 requires the Commonwealth to try a defendant within 365 days of the filing of a criminal complaint. A defendant, however, is not automatically entitled to discharge under Rule 600

where trial starts more than 365 days after the filing of the complaint. Rather, Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time. The adjusted run date is calculated by adding to the mechanical run date, *i.e.,* the date 365 days from the complaint, both excludable and excusable delay.

Excludable time includes delay caused by the defendant or his lawyer. Concomitantly, excusable delay occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

***Commonwealth v. Roles***, 116 A.3d 122, 124–125 (Pa. Super. 2015) (internal citations, footnote, and quotation marks omitted). "The Commonwealth bears the burden of proving due diligence by a preponderance of the evidence." ***Commonwealth v. Burno***, 154 A.3d 764, 794 (Pa. 2017). When a "representative of the Commonwealth is responsible for scheduling cases," "faithful compliance with the legal forms of proof" is required, including a detailed inquiry "into the Commonwealth's assertions of necessary delay," supported by "trial schedules and justifications." ***Commonwealth v. Bond***, 532 A.2d 339, 343 (Pa. 1987) (plurality opinion).

Here, the total number of calendar days that elapsed from the filing of the criminal complaint on October 4, 2015, to the day Clark's trial was scheduled to commence on November 13, 2017, was 771 days.

However, certain periods also may be excluded from the calculation. Pa.R.Crim.P. 600(C)(1). Thus, the inquiry for a court determining whether

there is a violation of the time periods in Pa.R.Crim.P. 600(A) is whether the delay was caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. ***See, e.g., Commonwealth v. Matis***, 710 A.2d 12, 16 (Pa. 1998); ***Roles***, 116 A.3d at 125.

The Commonwealth and the trial court both agree that the following time periods were excludable:

- October 15, 2015, to October 21, 2015 (six days);

- November 4, 2015, to November 18, 2015 (14 days);

- January 28, 2016, to July 21, 2016[7] (175 days); and

- October 28, 2016, to December 9, 2016 (42 days).

Answer to Clark's Mot. to Dismiss Pursuant to Rule 600, 11/6/2017, at ¶ 8.C., 8.E.-8.J., 8.L.; Trial Court Opinion, 11/6/2017, at 1. Thus, the Commonwealth and the trial court concur that 237 days were excludable; these 237 days subtracted from the 771 days between the filing of the complaint and the scheduled trial date results in a total time of 534 days, which is greater than the 365 days allowed by Pa.R.Crim.P. 600(A). In other words, the Commonwealth and the trial court do not dispute that the mechanical run date

---

[7] The Commonwealth admits that "there was a lull in the case … after the July 21, 2016 Last Day to Plea hearing." Commonwealth's Brief at 18.

of October 3, 2016, is properly adjusted by 237 days, resulting in an adjusted run date of May 30, 2017.[8]

The Commonwealth argues that an additional 60 days were excludable. Specifically, it contends that the 60 days between December 9, 2016, and February 7, 2017, were also excludable, because Clark requested that continuance. Answer to Clark's Mot. to Dismiss Pursuant to Rule 600, 11/6/2017, at ¶ 8.M.; Commonwealth's Brief at 17; **see also** Mot. to Continue Last Day to Plea, 12/6/2016. As this time was attributable to Clark, we agree with the Commonwealth that these 60 days are also excludable. **Roles**, 116 A.3d at 125. Nonetheless, the total adjusted time would still be 474 days, which is more than the permissible 365 days, Pa.R.Crim.P. 600(A); the adjusted run date is July 27, 2017.

---

[8] Two hundred thirty-seven days after October 3, 2016, is Sunday, May 28, 2017; the next day, Monday, May 29, 2017, was Memorial Day. Accordingly, the next business day was Tuesday, May 30, 2017.

> It is settled that "[w]henever the last day of any such period (of time referred to in a statute) shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S. § 1908. **See** Pa.R.Crim.P. 600, cmt. ("When calculating the number of days set forth herein, see the Statutory Construction Act, 1 Pa.C.S. § 1908.") **See also Commonwealth v. Sanford**, 497 Pa. 442, 441 A.2d 1220, 1221– 1222 (1982) (applying Section 1908 of the Statutory Construction Act to prompt trial calculation).

**Commonwealth v. McCarthy**, 180 A.3d 368, 376 (Pa. Super. 2018) (footnote omitted), *reargument denied* (Apr. 4, 2018).

The Commonwealth further contends that there were 142 days of excusable delay.[9] Answer to Clark's Mot. to Dismiss Pursuant to Rule 600, 11/6/2017, at ¶ 8.Q.; Commonwealth's Brief at 17. According to the Commonwealth, these 142 days occurred between the hearing on February 7, 2017, and when Clark's last day to plea was rescheduled for June 29, 2017. Answer to Clark's Mot. to Dismiss Pursuant to Rule 600, 11/6/2017, at ¶ 8.Q.; Commonwealth's Brief at 17. It argued that it "could not schedule the case for trial after the [trial c]ourt ordered that it be taken off the trial list while [Clark]'s Last Day to Plea was pending." *Id.* at ¶ 8.N.1. It continued:

> Other hearings were held while the Last Day to Plea was pending;
>
> > a) On February 7, 2017, status conference was scheduled for April 21, 2017 – [Clark]'s Last Day to Plea was still pending;
> >
> > b) The [trial c]ourt scheduled hearing on [Clark]'s Motion to Dismiss and Commonwealth's Motion to Amend for May 16, 2017 – [Clark]'s Last Day to Plea was still pending;
> >
> > c) On May 16, 2017, [Clark]'s Last Day to Plea was scheduled for June 29, 2017[.]

*Id.* at ¶ 8.N.2 (citations to the record omitted). If these 142 days could be subtracted from the 474 days, then the resultant total "run time" would be

_____

[9] The trial court made no mention of excusable delay. *See* Trial Court Opinion, 11/6/2017, at 2.

332 days – *i.e.*, less than the 365 days permitted by Pa.R.Crim.P. 600(A), and the adjusted run date would be December 18, 2017.[10]

However, the Commonwealth presents no case law – and we find no precedent -- to support its theory that these 142 days were excusable. The district attorney's office controlled the scheduling of trials, N.T., 11/6/2017, at 14; Order, 12/28/1999, at ¶ 3, and Ms. Comes testified that there were 33 unused trial dates between January 2016 and November 6, 2017. N.T. 11/6/2017, at 14-15. If there were an explanation as to why the Commonwealth did not ask the trial court to place this case back on the trial list, it was the Commonwealth's responsibility to present such evidence and appropriate argument, as it "bears the burden of proving due diligence by a preponderance of the evidence." **Burno**, 154 A.3d at 794; **see also Bond**, 532 A.2d at 343.[11]

We therefore fail to see how the Commonwealth put forth a "reasonable effort" and engaged in due diligence between February 7, 2017, and June 29,

---

[10] 365 days + 237 days + 60 days + 142 days = 804 days. Eight hundred four days after October 4, 2015, is Saturday, December 16, 2017. The next business day is Monday, December 18, 2017. **See McCarthy**, 180 A.3d at 376.

[11] Moreover, the additional hearings and pleadings between February 7, 2017, and June 29, 2017, should have served as a reminder to the Commonwealth that this case was pending and prompted it take action, instead of functioning as an excuse for inertia. **See** Answer to Clark's Mot. to Dismiss Pursuant to Rule 600, 11/6/2017, at ¶ 8.N.2.

2017, and how this delay was "beyond the Commonwealth's control[.]" **Roles**, 116 A.3d at 125; **see also** Pa.R.Crim.P. 600(C)(1). Accordingly, we agree with the trial court that these 142 days do not constitute excusable delay. "By the fact that Commonwealth did not contact the [trial c]ourt on December 9, 201[6], to request that the Last Day to Plea be scheduled, the Commonwealth did not act with due diligence." **See** Trial Court Opinion, 11/6/2017, at 2.[12]

Finally, the Commonwealth contends that the period from when this case was listed for trial until the scheduled start date – September 25, 2017, to November 13, 2017 – should not be included in the total calculation of time, because the very act of listing a case for trial "show[s] that the Commonwealth did act with due diligence." Commonwealth's Brief at 19. The Commonwealth notes that "[t]his Court has found 'due diligence' by the Commonwealth where the Commonwealth has listed the case for trial prior to the run date[.]" **Id.** at 11 (citing **Hunt**, 858 A.2d at 1242).

However, we do not need to reach the question of whether this time should have been considered towards the adjusted run date, because, even if these 49 days were subtracted from the 474 days, the total time (425 days)

---

[12] There is no suggestion of judicial delay, such as a congested court docket. **See McCarthy**, 180 A.3d at 376 (delay that resulted from unavailability of time on trial court's calendar was excludable from calculation under rule governing right to prompt trial); **Commonwealth v. Frye**, 909 A.2d 853, 859 (Pa. Super. 2006) ("In conducting the due diligence inquiry, our jurisprudence has excused such delay resulting from court congestion.").

was still greater than 365 days. Phrased differently, 49 days added to the previously calculated adjusted run date results in a final adjusted run date of September 14, 2017. The Commonwealth did not list this action until September 25, 2017, and the trial was not scheduled to begin until November 13, 2017. Both these dates are beyond the adjusted run date.[13]

Accordingly, we conclude that the trial court did not abuse its discretion in finding a violation of Rule 600 occurred. In doing so, we acknowledge the need to protect society through the effective prosecution of criminal cases, we also must balance the protection of the accused's speedy trial rights. **See Hunt**, 858 A.2d at 1239. Here, we agree with the trial court that, while some of the delay was through no fault of the Commonwealth, the Commonwealth's inaction resulted in a violation of Rule 600. **See id.** We cannot conclude that the trial court has overridden or misapplied the law or exercised manifestly unreasonable judgment and affirm its order dismissing the charges against Clark. **See** Pa.R.Crim.P. 600(A); **Hunt**, 858 A.2d at 1239.

Order affirmed.

---

[13] Although our calculation of "total run time" an adjusted run date is different than the trial court's computation, Trial Court Opinion, 11/6/2017, at 2, "we may affirm for reasons other than those given by the trial court." **McCarthy**, 180 A.3d at 376 n.8 (citation omitted).

- 13 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2018