537 A.2d 930

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Albert S. Rinehart, Appellee.

Submitted on briefs November 25, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Henry G. Barr*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, February 16, 1988:

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) appeals a decision of the Court of Common Pleas of Allegheny County (trial court), reinstating the operating privileges of Albert A. Rinehart (Rinehart). For the reasons set forth below, we reverse.

On December 13, 1984, Rinehart was convicted of violating section 1543(a) of the Vehicle Code, 75 Pa. C. S. §1543(a) (driving while operating privilege is suspended or revoked). On March 3, 1985, DOT notified Rinehart that as a result of his conviction his driving

privileges were being revoked for six months effective April 19, 1985, pursuant to section 1543(c) of the Vehicle Code.[1]

Rinehart appealed this conviction to the trial court pursuant to section 1550(a) of the Vehicle Code, 75 Pa. C. S. §1550(a).[2] At trial, DOT presented evidence of Rinehart's conviction for driving with a suspended license. Rinehart did not dispute the fact that he had been convicted, but testified that he was driving with a suspended license because he had to take his son to the hospital. On the basis of this testimony, the trial court concluded that Rinehart's driving with a suspended license was "non-volitional and therefore outside the scope of the statute prohibiting operating a motor vehicle . . . while his operating privileges were suspended. . . ."[3] The trial court thus sustained Rinehart's appeal and reinstated his operating privileges.

On appeal to this court,[4] DOT contends that the trial court erred as a matter of law in permitting Rinehart to collaterally attack his conviction. We agree.

---

[1] At the time of Rinehart's conviction section 1543(c) of the Vehicle Code stated in pertinent part:

The department upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months . . . .

[2] Section 1550(a) of the Vehicle Code provides:

Any person whose operating privilege has been recalled, cancelled or revoked by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judicial procedure).

[3] *Commonwealth of Pennsylvania v. Albert S. Rinehart* (No. S.A. 498, filed November 20, 1985), slip op. at 1.

[4] Our scope of review in a license suspension case is limited to a determination of whether the findings of fact are supported by competent evidence, errors of law have been committed or whether

In a license revocation appeal, the trial court's scope of review is limited to a determination of whether the motorist was convicted and whether DOT acted in accordance with the statute. *Department of Transportation, Bureau of Traffic Safety v. Edwards,* 103 Pa. Commonwealth Ct. 43, 519 A.2d 1083 (1987). The trial court cannot consider facts and circumstances surrounding the conviction because the relevant inquiry is whether the motorist was convicted, not whether he should have been convicted. *Id.* at 1084. The license suspension appeal being civil in nature cannot be used to attack the underlying criminal conviction. *Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa. Commonwealth Ct. 647, 432 A.2d 322 (1981); *Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979).

We also note that section 1543(c) of the Vehicle Code, 75 Pa. C. S. §1543(c), mandates DOT to revoke the motorist's operating privilege upon receiving a certified record of the conviction. Thus, the merit of the conviction is not for DOT or the courts to decide. *Commonwealth v. Virnelson,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968).

In this case, Rinehart did not dispute the fact that he had been convicted of violating §1543(a) of the Vehicle Code. Once the fact of the conviction was established, the trial court had no reason to consider the circumstances surrounding the conviction.

Accordingly, the order of the trial court is reversed and the revocation of operating privileges issued by DOT is reinstated.

---

the common pleas court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth,* 103 Pa. Commonwealth Ct. 148, 520 A.2d 83 (1987).

## ORDER

AND NOW, February 16, 1988, the order of the Court of Common Pleas of Allegheny County is reversed and the order of the Department of Transportation, Bureau of Traffic Safety, revoking Albert S. Rinehart's operating privileges for 6 months is reinstated.

