554 A.2d 1019

Charles D. Miller, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs January 20, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Frank H. Morgan, Jr.*, for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE BARRY, March 2, 1989:

Charles D. Miller appeals an order of the Court of Common Pleas of Delaware County which dismissed his appeal and affirmed a five year revocation of Miller's operating privileges which had been imposed by the Department of Transportation (DOT).

On December 23, 1987, DOT notified Miller by mail that his operating privileges were being revoked for five years pursuant to the habitual offender provisions of Section 1542 of the Vehicle Code, 75 Pa. C. S. §1542. Miller filed a timely appeal with the Court of Common Pleas of Delaware County. At that hearing, DOT introduced its records which showed that Miller had been convicted twice within a five year period for driving while his operating privileges were either suspended or revoked in violation of 75 Pa. C. S. §1543 and once for driving without a valid license in violation of 75 Pa. C. S. §1501. Miller then introduced into evidence a letter from a district justice which stated that his docket for the Section 1501 violation was still open. Miller also testified that he had requested a hearing by posting the amount of the fine but that no hearing had ever been held. The trial court refused to consider Miller's evidence, holding that it amounted to an impermissible collateral attack on a prior criminal conviction. This appeal followed.

The trial court was correct in recognizing its scope of review on a de novo appeal from an order of DOT suspending or revoking one's license. The trial court may consider only whether the driver has been convicted and whether DOT has acted in accordance with law. *Martino v. Commonwealth,* 116 Pa. Commonwealth Ct. 200, 541

A.2d 425 (1988). At the hearing, Miller attempted to prove that he had not been convicted.

This appeal involves an unusual situation. DOT's records contain a copy of the citation which had been issued on March 4, 1984. The back of that citation has the stamped signature of the district justice and an indication that Miller had been found guilty on May 16, 1985. Miller testified that he never had a hearing and offered a letter from that same district justice that his docket was still open.

It is well settled that an appeal from a civil suspension or revocation may not allow a collateral attack upon a criminal conviction. The licensee may only question whether he or she was convicted, not whether he or she *should have been* convicted. *Commonwealth v. Rinehart*, 113 Pa. Commonwealth Ct. 452, 537 A.2d 930 (1988). While Miller's challenge has aspects of both of those questions, we believe his argument is more in the nature of a contention that he had not been convicted. We thus believe the trial court erred in considering Miller's challenge to be a collateral attack.

The trial court was presented with conflicting evidence. DOT's records indicated that the district justice had found Miller guilty of violating Section 1501 while that district justice stated in a letter that the docket failed to indicate such a conviction. The trial court, as factfinder, could have chosen between this conflicting evidence and such a decision would have been beyond our review. Unfortunately, the court made no such determination.

Normally a remand would be required but that is unnecessary in this case. We may affirm an order of a trial court, even if that court's reasoning is wrong, as long as the reason for affirmance is apparent from the record. *Rhoads v. Lancaster Parking Authority*, 103 Pa. Commonwealth Ct. 303, 520 A.2d 122 (1987), *petition for*

*allowance of appeal denied,* 515 Pa. 611, 529 A.2d 1084 (1987). Here, the record contains an official notice to Miller dated August 12, 1985, which informed him that his operating privileges were being suspended for six months in accordance with 75 Pa. C. S. §1532(b) because of his conviction for violating Section 1501. Miller should have challenged the fact of conviction at that time and having failed to do so, he is estopped from presenting such a challenge in the present proceedings. " 'Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. ...' " Restatement of Judgments, §68(1), cited with approval in *McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 619, 300 A.2d 815, 820 (1973). Miller's failure to appeal the 1985 suspension on the basis that he wasn't convicted for violating Section 1501 precludes him from doing so now.

Affirmed.

ORDER

Now, March 2, 1989, the order of the Court of Common Pleas of Delaware County dated May 23, 1988, at No. 88-098, is hereby affirmed.