598 A.2d 355

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**James L. POUNDS, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 31, 1991.

Decided Oct. 10, 1991.

William A. Kuhar, Jr., Asst. Counsel, for appellant.

David H. Acker, for appellee.

Before COLINS and BYER, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Lawrence County, which sustained the appeal of James L. Pounds (Pounds) and vacated DOT's orders, dated January 24, 1986 and November 7, 1989. We reverse.

The January 24, 1986 order revoked Pounds' operating privilege for a period of five years, effective February 28, 1986, pursuant to Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542. Section 1542 of the Vehicle Code requires DOT to revoke, for a period of five years, the operating privilege of any person found to be a habitual offender. Habitual offender is defined as any person whose driving record shows that the person has accumulated three convictions of any of the offenses enumerated in Subsection 1542(b). The second order, dated November 7, 1989, reinstated the five year revocation of Pounds' operating privilege, effective December 12, 1989.[1]

The January 24, 1986 order revoking Pounds' operating privilege for five years resulted from his December 27, 1985 conviction for violating Section 3732 of the Vehicle Code [2] (relating to homicide by vehicle) on June 18, 1978; his May 10, 1979 conviction for violating Section 3502 of the Crimes Code [3] (relating to burglary), on January 12, 1979, during which a vehicle was involved; and his May 10, 1979 conviction for violating Section 3502 of the Crimes Code on January 13, 1979, during which a vehicle was involved.

1. This second reinstatement order was mistakenly issued by DOT, as will be explained later in the opinion.

2. 75 Pa.C.S. § 3732.

3. 18 Pa.C.S. § 3502.

Pounds filed an appeal on February 14, 1986 with Common Pleas at Docket No. 32 M.D.1986. The appeal remained inactive for a period of time and was scheduled to be terminated pursuant to Pa.R.J.A. 1901 and Lawrence County Rules of Court 252. However, on April 13, 1989, following a call of the civil trial list, Common Pleas issued an order at Docket No. 93 M.D.1989, permitting the matter to remain active.

Erroneously believing that the aforementioned order terminated Pounds' appeal pursuant to the rules cited, DOT, by official notice dated November 7, 1989, notified Pounds of its reinstatement of the five-year revocation of his operating privilege. Pounds appealed the notice of reinstatement, which was docketed at 227 M.D.1989, and a de novo hearing on both appeals was conducted on January 10, 1990. By stipulation of counsel, the case filed to Docket No. 227 M.D.1989 was discontinued and both appeals were consolidated at Docket No. 32 M.D.1986.

At the hearing, DOT entered into evidence its official documents showing proof of the three underlying convictions. The submitted documents also showed that Pounds' operating privilege had been ordered suspended for two one-year periods as a result of the two burglary convictions under Section 3502 of the Crimes Code, that no appeals were filed from either of those suspensions and that Pounds had served both suspensions.

A continuance was granted to counsel for Pounds and a second hearing was scheduled for April 3, 1990. At that hearing, counsel for Pounds proceeded to attack the validity of the January 12, 1979 and January 13, 1979 burglary convictions, asserting that DOT's records erroneously indicate that two burglaries occurred but that actually only one burglary occurred around midnight on January 12. He argued, therefore, that because Pounds had committed a total of only two of the enumerated offenses under Section 1542(b) of the Vehicle Code, and not the required three, that DOT's five year suspension order must be reversed.

DOT argued that Pounds should be estopped from attempting to litigate the issue of fact as to whether he had been convicted of committing one or two burglaries because he had failed to timely appeal either of the two one-year operating privilege suspensions as a result of those convictions.

On September 12, 1990, Common Pleas issued an order sustaining Pounds' appeal and vacating DOT's orders. On appeal, DOT raises the following issues: (1) whether Pounds is now collaterally estopped from litigating the issue of whether he had been convicted of one or two burglaries, because of his failure to appeal either of the convictions at the time the suspensions were imposed; and (2) in the alternative, whether Common Pleas committed an error of law in sustaining the appeal instead of modifying the duration of the appealed revocation from five years to one year for the conviction of homicide by vehicle pursuant to 75 Pa.C.S. § 1532(a)(3).

Common Pleas determined that Pounds was "not attacking the appropriateness of the second conviction but the existence of it" and concluded that it did not amount to a collateral attack of a criminal conviction. Common Pleas cited to this Court's decision in *Miller v. Department of Transportation*, 124 Pa.Commonwealth Ct. 24, 554 A.2d 1019 (1989), quoting the following language:

> It is well settled that an appeal from a civil suspension or revocation may not allow a collateral attack upon a criminal conviction. The licensee may only question whether he or she was convicted, not whether he or she *should have been* convicted.

*Id.*, 124 Pa.Commonwealth Ct. at 26, 554 A.2d at 1020 (emphasis in original). Therein, the licensee introduced into evidence a letter from the District Justice indicating that the docket for one of the offenses, which was listed in DOT's records and which formed part of the basis of his five-year revocation, was still open and was never finally disposed of by the District Justice. DOT introduced its records which reflected that the subject offense had culminated in a conviction and that, by official notice, the licensee

had been informed of the conviction and the six-months suspension of his operating privilege.

Under these unique facts, we determined that although the licensee's argument contained elements of both queries, it was "more in the nature of a contention that he had not been convicted" and, thus, not a collateral attack. *Id.* Nevertheless, we held that because the licensee failed to timely appeal the conviction at the time he received the official notice from DOT informing him that his operating privileges were being suspended, he was estopped from challenging the conviction now.

*Miller* is factually inapposite. In the instant matter, Pounds presents nothing other than his *bare assertion* that there should be one conviction and not two. We reemphasize that DOT established by competent evidence that Pounds was convicted of two separate offenses, that Pounds failed to appeal either conviction, and that he served both one-year suspensions.

We thus hold that Common Pleas erred in concluding that Pounds' challenge was not a collateral attack. To hold otherwise simply is not supported by the evidence. Pounds failed to timely challenge the May 10, 1979 convictions and is now attempting, through the instant appeal, to attack the validity of those convictions. This he clearly cannot do as this Court has previously held in numerous cases. *See e.g. Meredith v. Department of Transportation,* 141 Pa.Commonwealth Ct. 461, 595 A.2d 792 (1991); *Tarnopolski v. Department of Transportation, Bureau of Driver Licensing,* 138 Pa.Commonwealth Ct. 698, 589 A.2d 287 (1991); *Department of Transportation, Bureau of Driver Licensing v. Rinehart,* 113 Pa.Commonwealth Ct. 452, 537 A.2d 930 (1988); and *Department of Transportation, Bureau of Driver Licensing v. Greene,* 112 Pa.Commonwealth Ct. 413, 535 A.2d 306 (1988).

Based on the foregoing, the Order and Opinion of Common Pleas is reversed.[4]

## ORDER

AND NOW, this 10th day of October, 1991, the order of the Court of Common Pleas of Lawrence County in the above-captioned matter is reversed and the five-year revocation of Pounds' motor vehicle operating privilege is reinstated.

---

4. In light of the fact that we have determined that Common Pleas committed error in concluding that Pounds' challenge to the underlying prior convictions was not an impermissible collateral attack, we need not address DOT's second argument.