# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michele Kapalko,                          :
                  Appellant   :
                              :
        v.                         :   No. 1912 C.D. 2015
                              :   Submitted: July 15, 2015
Commonwealth of Pennsylvania,    :
Department of Transportation,       :
Bureau of Driver Licensing          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  September 20, 2016**


Appellant Michele Kapalko (Kapalko) appeals from an order of the Court of Common Pleas of Fayette County (trial court).  The trial court denied Kapalko's statutory appeal from the five-year suspension of her license by the Pennsylvania Department of Transportation (DOT).  We affirm the trial court's order.

The facts underlying the instant appeal are not in dispute.  On March 26, 2010, Kapalko accepted Accelerated Rehabilitative Disposition (ARD) for a violation of Section 3802(c) of the Vehicle Code, 75 Pa. C.S. § 3802(c) (driving under the influence of alcohol or a controlled substance (DUI) - highest rate of alcohol).  Kapalko was later convicted of violating Section 3802(b) of the Vehicle Code, 75 Pa. C.S. § 3802(b) (DUI - highest rate of alcohol), on

April 27, 2011.   On May 2, 2013, Kapalko was convicted on three separate charges:  (1) driving with a suspended license - DUI related,[1] (2) careless driving,[2] and (3) DUI - highest rate of alcohol.[3]   As a result of those convictions, DOT notified Kapalko that her license would be suspended for the following terms:  (1) one year for driving with a suspended license, (2) fifteen days for careless driving, and (3) eighteen months for DUI - highest rate of alcohol.  Kapalko surrendered her license and began serving her suspension on September 12, 2013.  Kapalko did not appeal the initial suspension of her license.  On May 29, 2015, DOT notified Kapalko that, as a result of her May 2, 2013 conviction for driving with a suspended license, it was revoking her license for a period of five years beginning on September 12, 2013, pursuant to Section 1542 of the Vehicle Code, 75 Pa. C.S. § 1542, often referred to as the habitual offender statute.[4]

On June 18, 2015, Kapalko filed with the trial court a timely notice of statutory appeal from the five-year license revocation.  Kapalko argued that the original one-year suspension was final, and thus a new suspension for the same conviction was barred by principles of *res judicata* or that the delay in the imposition of the five-year suspension was unreasonable.   The trial court conducted a hearing on the appeal on August 19, 2015.  At the hearing, DOT noted that its internal records-keeping system had failed to count Kapalko's new

---

[1] 75 Pa. C.S. § 1543(b)(1.1).

[2] 75 Pa. C.S. § 3714(a).

[3] 75 Pa. C.S. § 3802(c).

[4] On that same day, DOT sent additional notices to Kapalko relating to her fifteen day and eighteen month suspensions.  These additional notices coordinated the commencement dates for those suspensions with her five-year revocation.

conviction toward her status as a habitual offender as defined by Section 1542 of the Vehicle Code, 75 Pa. C.S. § 1542. By opinion and order dated August 31, 2015, the trial court denied Kapalko's license revocation appeal. Kapalko appealed to this Court.

On appeal, Kapalko raises one issue: whether DOT's second sanction of five years for the same violation is barred by principles of *res judicata* or collateral estoppel.[5]

Section 1542 of the Vehicle Code, 75 Pa. C.S. § 1542, requires DOT to revoke the operating privilege of habitual Vehicle Code offenders. That section provides, in pertinent part:

> **(a) General rule**. — The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.
>
> **(b) Offenses enumerated**. — Three convictions arising from separate acts of any one or more of the following offenses committed by any person shall result in such person being designated as a habitual offender:

---

[5] Our scope of review in licensing appeals is limited to determining whether the trial court's findings were supported by competent evidence or whether the trial court committed an error of law or abused its discretion. *Department of Transp., Bureau of Traffic Safety v. O'Connell,* 555 A.2d 873, 875 (Pa. 1989). When only questions of law are presented, our review is plenary. *Deliman v. Dep't of Transp., Bureau of Driver Licensing*, 718 A.2d 388, 389 n.1 (Pa. Cmwlth. 1998).

(1) Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses).

(1.1) Any violation of Chapter 38 (relating to driving after imbibing alcohol or utilizing drugs) except for sections 3808(a)(1) and (b) (relating to illegally operating a motor vehicle not equipped with ignition interlock) and 3809 (relating to restriction on alcoholic beverages).

(1.2) Any violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked).
. . .

**(d) Period of revocation**.  — The operating privilege of any person found to be a habitual offender under the provisions of this section *shall* be revoked by the department for a period of five years.

75 Pa. C.S. § 1542 (Emphasis added).

We have previously held that the period of revocation for habitual Vehicle Code offenders is mandatory and is not within the discretion of DOT. *Dep't of Transp., Bureau of Driver Licensing v. Richardson*, 648 A.2d 1308, 1310 (Pa. Cmwlth. 1994).  In this case, it is uncontested that Kapalko was convicted of three separate offenses enumerated in Section 1542(b) of the Vehicle Code. Further, the parties agree that, pursuant to Section 1542, DOT should have revoked Kapalko's operating privileges for five years.  DOT asserts that it was an oversight in its records-keeping system which erroneously caused DOT not to count Kapalko's new conviction under Section 1543(b)(1.1) of the Vehicle Code toward her status as a habitual offender.  Kapalko, on appeal, argues that, because DOT initially erred in imposing a one-year sanction under Section 1543(b)(1.1) as opposed to a five-year sanction, it is precluded from now imposing the longer, correct penalty.  We disagree.

Kapalko is correct that the doctrine of *res judicata* applies to administrative actions. *D.Z. v. Bethlehem Area Sch. Dist.*, 2 A.3d 712, 731 (Pa. Cmwlth. 2010). "[*R*]*es judicata* bars re-litigation of a claim when the cause of action in one proceeding is identical to that involved in a prior final judgment." *Id.* (internal citations omitted). Here, however, there are no substantive disputes to be re-litigated, and a five-year suspension is mandated by the applicable section of the Vehicle Code. We have long held that "an administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical and mechanical errors obviated and supported by the record. . . . It may not, however . . . reverse itself on the substantive issues previously decided." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Comp. Bd. of Review*, 309 A.2d 165, 167 (Pa. Cmwlth. 1973).

Likewise, we have previously held that collateral estoppel principles apply to administrative proceedings. *Christopher v. Council of Plymouth Twp.*, 635 A.2d 749, 752 (Pa. Cmwlth. 1993). Collateral estoppel is a broader concept than *res judicata* and operates when an issue of fact or law, essential to the judgment, is litigated and determined by a valid and final judgment, and the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. *Irizarry v. Office of Gen. Counsel*, 934 A.2d 143, 151 (Pa. Cmwlth. 2007) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)). "Application of the principle of collateral estoppel is not precluded merely because administrative proceedings are involved"; rather, where an administrative agency acts in a "judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity

to litigate, the court will not hesitate to apply collateral estoppel principles." *Christopher*, 635 A.2d at 752 n.2.

Kapalko cites two of our prior cases applying principles of *res judicata* and collateral estoppel to administrative actions: *Miller v. Department of Transportation*, 554 A.2d 1019 (Pa. Cmwlth. 1989), and *Germantown Cab Co. v. Philadelphia Parking Authority*, 27 A.3d 280 (Pa. Cmwlth. 2011). Both cases, however, are readily distinguishable. In *Miller*, we held that an appellant's failure to contest the accuracy of his conviction upon receiving notice that his operating privileges were suspended because of that conviction estopped the driver from presenting that challenge in a later proceeding after his license was suspended for five years as a repeat offender. *Miller*, 554 A.2d at 1021. In the instant case, there are no facts in dispute and Kapalko does not challenge the accuracy of the conviction underlying her license suspension. In *Germantown Cab*, the Philadelphia Parking Authority (PPA) issued a citation which was later overturned because it was based on an invalid regulation. The PPA argued that its enforcement action could be upheld on alternate grounds, *i.e.,* other violations of the city's parking regulations for which the petitioner was not originally cited. We held that an administrative agency could not re-issue new citations based on the same violation if it did not litigate those issues at the original hearing. *Germantown*, 27 A.3d at 284. Here, DOT did not attempt to substitute an alternative violation in an appeal to the trial court after the originally alleged violation was found inapplicable. Instead, it simply issued a new notice of suspension which Kapalko could have, and actually did, appeal.

In this case, there are no substantive issues in dispute, and it is unequivocal that the proper disposition of Kapalko's suspension should have been

6

a five-year revocation of her license. DOT did not act in a judicial capacity, nor did it resolve factual disputes or decide substantive legal issues such that collateral estoppel or *res judicata* would bar it from correcting its error. DOT, therefore, is not prohibited from correcting what amounts to an administrative error or an error in records-keeping. *See Lynch v. Pa. Bd. of Prob. and Parole*, (Pa. Cmwlth., No. 1867 C.D. 2012, filed September 25, 2013), slip op. at 2 (holding that Board of Probation and Parole may summarily correct miscalculation of parolee's release date).[6, 7]

Accordingly, we affirm the order of the trial court.

_____
P. KEVIN BROBSON, Judge

---

[6] As an unreported panel decision of this Court, we cite *Lynch* for its persuasive value pursuant to Section 414(a) of the Court's Internal Operating Procedures.

[7] Kapalko does not argue on appeal that the notice of revocation was invalid on the basis of undue delay. In order for a licensee to avoid an otherwise valid driving privilege suspension or revocation due to delay, the licensee must demonstrate: (1) that an unreasonable delay chargeable to the Bureau of Driver Licensing led the licensee to reasonably believe that his or her driving privileges would not be impaired, and (2) that prejudice to the licensee would result from having his or her driving privileges suspended after such a delay. *Department of Transp., Bureau of Driver Licensing v. Gombocz*, 909 A.2d 798, 800-801 (Pa. 2006). Kapalko conceded at the August 19, 2015 hearing before the trial court that she was not prejudiced by the delay. Thus, the trial court properly concluded that she does not satisfy the second prong of this test and that the revocation was not invalid due to delay.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michele Kapalko, : 
                    Appellant : 
                              : 
            v.                :   No. 1912 C.D. 2015
                              : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing    : 


# **O R D E R**


AND NOW, this 20th day of September, 2016, the order of the Court of Common Pleas of Fayette County is AFFIRMED.


 

_____
P. KEVIN BROBSON, Judge