IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mwavua Mshimba,                         :
                          Appellant     :
                                        :
         v.                             :    No. 49 C.D. 2016
                                        :    Submitted: December 30, 2016
Commonwealth of Pennsylvania,           :
Department of Transportation,           :
Bureau of Driver Licensing              :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                         FILED: May 1, 2017


         Mwavua Mshimba (Licensee), representing himself, appeals from an order of the Court of Common Pleas of Pike County[1] (trial court) that denied Licensee's statutory appeal from a one-year suspension of his driving privilege imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) following his conviction for driving while his license was suspended, a violation of 75 Pa. C.S. §1543(a) (DUS).  Essentially, Licensee contends the trial court erred in sustaining the one-year suspension at issue where (1) he made timely installment payments on fines related to an earlier conviction, thereby rendering DOT's prior November 2014 notice of suspension for failure to make regular payments unnecessary; and, (2) he never received DOT's prior November 2014 notice of suspension.  For the reasons that follow, we affirm.

---

[1] The Honorable Gregory H. Chelak presided.

## I. Background

On <u>March 23, 2015</u>, a Pennsylvania state trooper stopped Licensee in Pike County and issued him a traffic citation for DUS. On May 21, 2015, Licensee was convicted of that violation. On May 29, 2015, DOT mailed Licensee notice of a one-year suspension, effective July 3, 2015, based on his conviction for driving while his operating privilege was suspended.

In June 2015, Licensee filed a timely license suspension appeal in the trial court. In August 2015, the trial court held a hearing on Licensee's appeal. DOT, as respondent, submitted into evidence Licensee's certified driving record as Respondent's Exhibit No. 1. <u>See</u> Ex. R-1; Supplemental Reproduced Record (S.R.R.) at 1b-17b. Exhibit R-1 included: a copy of the May 29, 2015 notice of suspension (S.R.R. at 2b-5b); a copy of a conviction detail showing Licensee's May 21, 2015 conviction for a violation of 75 Pa. C.S. §1543(a) (S.R.R. at 6b-7b); a <u>March 26, 2015</u> copy of DOT's notice advising Licensee his operating privilege was reinstated (S.R.R. at 8b); a copy of a November 24, 2014 notice of suspension advising Licensee that his operating privilege was being suspended as a consequence of his failure to make regular payments on fines, costs and restitution for a violation of 75 Pa. C.S. §3111, relating to obedience to traffic control devices (S.R.R. at 9b-12b); and, Licensee's certified driving history (S.R.R. at 13b-17b). DOT then rested.

Thereafter, Licensee testified he did not know his license was suspended when he was issued a citation on March 23, 2015, because he did not receive DOT's November 2014 notice of suspension. Tr. Ct. Hr'g, Notes of

Testimony (N.T.), 8/26/15, at 8-10. On cross-examination, Licensee acknowledged his mailing address as 1125 South Hanover Street, Nanticoke Pennsylvania, 18634, the address on DOT's November 24, 2014 notice of suspension. N.T. at 15.

Licensee further testified he maintained regular payments as instructed by the magisterial district court for the fine imposed for his earlier conviction under 75 Pa. C.S. §3111 (obedience to traffic control devices). N.T. at 8-9, 11-12. On August 31, 2015, five days after the hearing, the trial court denied Licensee's appeal. Thereafter, Licensee appealed to the Superior Court, which transferred the case here.[2]

In a Pa. R.A.P. 1925(a) opinion in support of its order, the trial court noted that it considered two appeals by Licensee: an appeal from Licensee's criminal conviction for DUS and a civil appeal from the new license suspension. The trial court dismissed Licensee's appeal from his criminal conviction for DUS as untimely because Licensee filed his appeal 55 days after the date of conviction, 25 days outside the 30-day appeal period in Pa. R.Crim.P. 460 provided for appealing a summary conviction. See Tr. Ct., Slip. Op., 6/3/16, at 2. The trial court also noted Licensee failed to present any proper basis to permit a criminal appeal *nunc pro tunc* (late appeal by permission). Id. In an unreported opinion, a three-judge panel of the Superior Court affirmed the DUS conviction. See

---

[2] Our review in a license suspension case is limited to determining whether the trial court's findings of fact were supported by substantial evidence, whether errors of law were committed, or whether the trial court committed a manifest abuse of discretion. Kalina v. Dep't of Transp., Bureau of Driver Licensing, 929 A.2d 1233 (Pa. Cmwlth. 2007).

Commonwealth v. Mshimba, (Pa. Super., No. 2871 EDA 2015, filed May 19, 2016), 2016 WL 2962931.

Regarding the merits of Licensee's civil appeal from the new license suspension, Licensee testified that when the police officer issued him a ticket for DUS, he was surprised because he did not receive DOT's November 2014 notice of suspension and was thus unaware that his license was suspended. N.T at 8. The trial court dismissed this argument as an impermissible attack on Licensee's criminal conviction for DUS. Tr. Ct., Slip Op., at 3.

The trial court further recognized that in a license suspension appeal, DOT bears the initial burden of showing that Licensee was in fact convicted of the underlying offense, and that DOT acted in accord with applicable law. Dep't of Transp. Bureau of Driver Licensing v. Tarnopolinski, 626 A.2d 138 (Pa. Cmwlth. 1993); Zeitlen v. Dep't of Transp., 525 A.2d 876 (Pa. Cmwlth. 1987). To meet this burden, DOT must produce a record of the conviction supporting the suspension. Tarnopolinski; Zeitlen. Here, the trial court concluded, DOT met its burden. Tr. Ct., Slip Op., at 3.

## II. Issues

On appeal here, Licensee presents two arguments. First, Licensee contends the November 2014 suspension was improper because he made the payments as instructed by the magisterial district court. Licensee attached the installment receipts he received from the district court in Hazle Township, Luzerne County to his amended petition. See Am. Pet. for Appeal, Ex. B.

4

Second, Licensee contends he did not receive DOT's November 24, 2014 notice of suspension. Licensee asserts this rendered DOT's evidence insufficient to establish he knew that his driver's license was suspended.

### III. Discussion

### A. *Prima Facie* Case

As noted above, the initial burden of proof is on DOT to produce a record of conviction supporting the suspension. Kalina v. Dep't of Transp., Bureau of Driver Licensing, 929 A.2d 1233 (Pa. Cmwlth. 2007); Passel v. Dep't of Transp., Bureau of Driver Licensing, 928 A.2d 381 (Pa. Cmwlth. 2007). The burden then shifts to the licensee to rebut the inference drawn from the records. Kalina; Passel.

Here, DOT introduced into evidence a "conviction detail"[3] establishing that on May 15, 2015, Licensee was convicted of driving while his operating privilege was suspended. Resp. Ex R-1; S.R.R. at 6b-7b. The report indicated a violation date of March 23, 2015. Id. Page Three of Licensee's certified driving history shows Licensee's operating privilege was suspended effective December 15, 2014, by notice mailed November 24, 2014. S.R.R. at 15b. Thereafter, Licensee's operating privilege was reinstated March 26, 2015. Id. These documents establish that when Licensee was cited on March 23, 2015 for driving while his operating privilege was suspended, his operating privilege was in fact

---

[3] Upon conviction of a summary charge by a magisterial district court, the Administrative Office of Pennsylvania Courts electronically certifies a licensee's conviction to DOT. See Kalina, 929 A.2d at 1233.

under suspension.  See 75 Pa. C.S. §1543(c)(1).  DOT is then statutorily obligated to suspend the licensee's operating privilege for an additional one-year period.  Id. In short, DOT's documentary evidence created a rebuttable presumption that it properly suspended Licensee's operating privilege for one year.  Kalina; Passel.

The burden then shifted to Licensee to show, by clear and convincing evidence, that DOT's records were incorrect.  Kalina; Passel.  Licensee, however, attempted to show that he never received DOT's November 24, 2014 notice of suspension, and that he made all the payments on his fine following his earlier conviction for violation of  75 Pa. C.S. §3111 (obedience to traffic control devices), which Licensee argues rendered his December 2015 suspension invalid.

### B. Licensee's Arguments
### 1. Installment Payments

Licensee first contends he made an "arrangement" with the Hazle Township magisterial district court to make installment payments on his fine for his July 2014 violation of 75 Pa. C.S. §3111, which Licensee refers to as a "speeding" offense.  See Appellant's Br. at 8, 13-14.  Licensee "delayed" making the first payment and received a notice of suspension effective September 10, 2014.  Appellant's Br. at 8.  However, Licensee followed the payment instructions in the notice, and DOT removed the suspension.  Licensee also lists the following payments made:

     8/28/14 - $35 (September payment)
    10/3/14 - $35 (October payment)
    12/04/14 - $35 (November payment)
    1/12/15 - $60 (payment for December and part of January)
    2/24/15 - $37.50 (March payment)

6

3/6/15 - $7.50
**3/25/15 - $47.50**
<u>Total</u>
$257.50

Appellant's Br. at 13-14; Am. Pet. for Appeal, Ex. B (bold emphasis added).

Licensee maintains the total amount of the fine was only $170. However, as indicated above, he made payments of $257.50. Licensee therefore argues the managerial district court's clerks failed to keep proper records and thus improperly sent notice to DOT that he did not make his installment payments in a timely manner. Consequently, Licensee argues DOT improperly issued its November 2014 notice of suspension. As such, Licensee asserts the trial court erred in not examining his installment payment receipts, which would have shown no need for the November 2014 suspension notice.

## 2. Receipt of November 2014 Notice of Suspension

Licensee also contends DOT must prove beyond a reasonable doubt that he received the November 2014 notice of suspension. He argues DOT never produced any document showing he received the notice of suspension.

Nonetheless, Licensee testified in the present appeal that the address on the November 2014 notice, 1125 South Hanover Street, Nanticoke, PA, 18634, was his mailing address at the time DOT mailed the notice. See N.T., 8/26/15, at 9. However, Licensee asserts this address is a block of four apartments and that at the time DOT mailed the notice, Licensee's family and another family each lived there.

7

Given these circumstances, Licensee reasons, any number of things could have happened to the letter. For example, it could have been placed in the wrong box. In short, Licensee concludes, he never received the November 2014 suspension notice. Otherwise, he would have acted on it as he did with the earlier suspension.

## 3. Case Law

Finally, Licensee contends the trial court completely disregarded two cases he cited. In Lupyan v. Corinthian Colleges, Inc., 761 F.3d 314, 320 (3d Cir. 2014), a case involving the issue of whether an individual received timely notice of her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§2061-2654, the Third Circuit noted that where notice is sent via regular mail, as opposed to certified or registered mail, a weak presumption that the notice arrived at its destination and was received by the person to whom it was addressed, is created under the common law "mailbox rule." However, where the addressee presents evidence that he did not receive the notice, the presumption is destroyed. A single, non-conclusory affidavit, based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment on the FMLA notice of rights issue.

Licensee also cites Commonwealth v. Kane, 333 A.2d 925 (Pa. 1975), where the Pennsylvania Supreme Court held that in order to convict a person of operating a motor vehicle while his license was suspended, the Commonwealth must establish, as an essential element of the crime, that the person had actual

8

notice of the suspension. Proof that a notice of suspension was mailed to the person was admissible, but insufficient to establish actual notice of the suspension.

Citing <u>Lupyan</u> and <u>Kane</u>, Licensee asserts DOT failed to establish he had actual notice of DOT's November 2014 notice of suspension. Therefore, Licensee requests that we reverse the trial court's order denying his current license suspension appeal.

## B. Analysis
### 1. Criminal Appeal

DOT established that on May 21, 2015, Licensee was convicted *in abstentia* in Pike County of driving while his driver's license was suspended at the time the state trooper cited him on March 23, 2015 for a violation of 75 Pa. C.S. §1543(a). Fifty-five days after his criminal conviction, Licensee filed an appeal, which the trial court denied as untimely. The trial court also determined Licensee failed to present a proper basis for an appeal *nunc pro tunc*.

The Superior Court affirmed the denial of his criminal appeal. <u>Commonwealth v. Mshimba</u>. The Superior Court agreed with the trial court that the record did not establish a breakdown in the court's operations justifying a criminal appeal *nunc pro tunc*. <u>See</u> <u>Mshimba</u>, Slip. Op., at 3-7.

### 2. Civil Appeal

On May 29, 2015, DOT mailed Licensee notice of a one-year suspension, effective July 3, 2015, for his violation of 75 Pa. C.S. §1543(a).

9

Licensee timely appealed. At the hearing on his civil appeal, DOT submitted documentary evidence including a copy of its November 24, 2014 notice of suspension informing Licensee his driving privilege:

> will be suspended for <u>failing to make regular payments on fines, costs, and restitution</u> for citation number T22311376 (<u>Amount Owed $100.00</u>) issued on 4/19/2014. This citation is a result of your violation of Section 3111 of the Pennsylvania Vehicle Code: TRAFFIC-CONTROL VIOL.

S.R.R. at 9b (emphasis added).

DOT also submitted Licensee's certified driving history, which showed DOT suspended Licensee's license on December 15, 2014, and that it was not restored until March 26, 2015. S.R.R. at 15b. Therefore, DOT met its *prima facie* burden of showing it properly suspended Licensee for driving while his operating privilege was suspended at the time he was cited for that violation on March 23, 2015. <u>Kalina</u>; <u>Passel</u>; <u>Zeitlen</u>.

Licensee contends DOT improperly suspended his license in December 2014 because he made timely payments on his outstanding fine for his earlier speeding/obedience of traffic control signs conviction. We note, however, that according to Licensee, he made the final payment toward his fines and costs on March 25, 2015, two days *after* the March 23, 2015 citation for DUS. Appellant's Br. at 13-14. Licensee also asserts he never received DOT's November 2014 notice of the December 2014 suspension.

We recognized in <u>Kalina</u> that the initial burden of proof is on DOT to produce a record of conviction supporting a suspension. In <u>Kalina</u>, DOT initially suspended a license for 90 days based on a conviction for underage drinking. Thereafter, a magisterial district court convicted the licensee of a second underage drinking violation. As a result of this conviction, DOT imposed a one-year suspension. Licensee appealed the second conviction and the one-year suspension. The Commonwealth eventually *nolle prossed* (dismissed) the second underage drinking charge. Thereafter, the trial court sustained the licensee's suspension appeal.

On appeal in <u>Kalina</u>, DOT argued that a *nolle pros* of the underage drinking charge did not constitute a final determination in licensee's favor eliminating the need for the suspension. We disagreed, noting that a *nolle pros* in a *de novo* proceeding is sufficient proof that the licensee was not convicted of the charge.

The present case, however, is distinguishable from <u>Kalina</u>. Because Licensee failed to timely appeal his May 21, 2015 criminal conviction for DUS, he cannot establish that DOT's May 29, 2015 notice of suspension based on that conviction was improper. Unlike the case in <u>Kalina</u>, the Commonwealth did not *nolle pros* Licensee's underlying DUS charge. Therefore, the trial court could not consider facts and circumstances surrounding Licensee's criminal conviction "because the relevant inquiry is whether the motorist was convicted, not whether he should have been convicted." <u>Dep't of Transp, Bureau of Driver Licensing v. Rinehart</u>, 537 A.2d 930 (Pa. Cmwlth. 1988). In short, a license suspension appeal,

11

which is civil in nature, cannot be used to attack the licensee's underlying criminal conviction.  Id.

Consequently, Licensee's assertions that DOT failed to prove beyond a reasonable doubt that he in fact received DOT's prior November 24, 2014 notice of suspension or that DOT erred in issuing the December 2014 suspension because he timely made payments on the outstanding fines and costs related to an earlier violation, and the two appellate cases he cites regarding receipt of mail notice, are irrelevant to this appeal.[4]  Kalina; Rinehart.

For the above reasons, we affirm the trial court's order denying Licensee's civil license suspension appeal.  Therefore, we grant DOT's request to

---

[4] Even assuming *arguendo* that Licensee's assertions were properly before us, they would not establish DOT failed to provide him notice of the December 2014 suspension or that the suspension was improper.  Although Licensee asserts he did not receive DOT's November 2014 notice of suspension, he does not dispute that DOT mailed it to his correct address.  Under the mailbox rule, proof of mailing raises a rebuttable presumption that the item was received.  Dep't of Transp, Bureau of Driver Licensing v. Grasse, 606 A.2d 544 (Pa. Cmwlth. 1991).  This presumption is not nullified solely by the licensee's testimony denying receipt of the mailed item.  Id.  DOT's certification of a driving record showing that notice was sent is competent to show DOT sent the notice.  Id.  Further, DOT is not required to show the licensee actually received the notice.  Id.

In addition, Licensee's record of installment payments does not constitute clear and convincing evidence that DOT erred in suspending his license in December 2015 for failure to make regular payments on his outstanding fines and costs.  To that end, his receipts do not show he made the $100.00 payment needed to avoid the December 15, 2014 suspension.  Further, Licensee did not make his final payment until after he received the March 23, 2015 citation for driving while his operating privilege was suspended.  Appellant's Br. at 13-14, Am. Pet. for Appeal, Ex. B.

reinstate its one-year suspension of Licensee's operating privilege pursuant to 75 Pa. C.S. §1543(c)(1) within a reasonable time.

 

 

ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mwavua Mshimba,                           :
                 Appellant                :
                                   :
          v.                               :    No. 49 C.D. 2016
                                   :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing               :

# **O R D E R**

**AND NOW**, this 1st day May, 2017, the order of the Court of Common Pleas of Pike County is **AFFIRMED** and the Department of Transportation, Bureau of Driver Licensing, is hereby directed to **REINSTATE** the one-year suspension of Appellant Mshimba's operating privilege within a reasonable time.

 

_____
ROBERT SIMPSON, Judge

Mwavua Mshimba,             :
          Appellant         :
                                  :
      v.                       :
                                  :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :   No. 49 C.D. 2016
Bureau of Driver Licensing       :   Submitted: December 30, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

CONCURRING AND DISSENTING
OPINION BY JUDGE COSGROVE       FILED: May 1, 2017

       I concur in the majority's conclusion that the merits of a driving under suspension (DUS) conviction cannot be addressed in a civil proceeding challenging a subsequent license suspension arising out of that conviction. Where I differ with the majority is in its determination that, in a case such as the present, the administrative circumstances related to the initial suspension are ineligible for review in the civil proceeding.

       In this case, Appellant presented evidence that he paid the appropriate monies to the magisterial district judge (MDJ) in conjunction with his original offense. (Reproduced Record at 18a-25a.) If this were so, he would not have been subject to the DUS prosecution at the heart of the present additional suspension. Since he was convicted in that DUS prosecution and failed to timely appeal, the matter of the current civil suspension is, according to the majority, essentially closed.

In support of its position, the majority cites *Department of Transportation, Bureau of Driver Licensing v. Rinehart*, 537 A.2d 930 (Pa. Cmwlth. 1988), a case which itself cites *Department of Transportation, Bureau of Traffic Safety v. Edwards*, 519 A.2d 1083 (Pa. Cmwlth. 1987). The essence of the holdings in these cases is that "[a] criminal conviction may not later be attacked collaterally in a suspension appeal." *Edwards,* 519 A.2d at 1084. On that point, neither I nor the majority disagree. But that is not what the present Appellant attempted to do in his civil appeal. Instead, at issue was whether he had indeed made full payment of the monies assessed at the MDJ level and whether there had been an administrative breakdown in the processing of these payments. *See* Majority, Slip Op. at 7. If Appellant is correct, the question of whether he fully complied with the duties imposed on him was at issue and should have been considered in determining whether the license suspension at issue herein was appropriate.

The majority suggests that even if Appellant's record of MDJ installment payments were considered, it may be of no moment. Majority, Slip Op. 12, n.4. The majority may, or may not, be correct. That is not the issue, however. A question exists as to whether Appellant made all necessary payments and whether the MDJ court's administrative structure failed him. Since justice requires an answer to this question, I would remand this matter to the trial court. I must therefore dissent from the majority's disposition.

 

 

_____
JOSEPH M. COSGROVE, Judge

JMC-2