Vincent J. **PASSEL**

v.

**COMMONWEALTH** of Pennsylvania, **DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 30, 2007.
Decided June 8, 2007.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

J. Jarrett K. Whalen, Mercer, for appellee.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Mercer County (trial court) which granted the petition for appeal of license suspension filed by Vincent J. Passel (Passel). We affirm.

The history of this case is as follows. On February 15, 2006, Passel was cited by a Sharon City police officer for violating 75 Pa.C.S. § 3341(b)(1), relating to a disregard of railroad barriers. On February 16, 2006, Passel was convicted of this offense by a Magisterial District Judge (MDJ).

Having received notice of Passel's conviction, Department sent Passel a notice on February 24, 2006, informing him that his operating privileges were being suspended for thirty days pursuant to 75 Pa. C.S. § 1535, as a consequence of his conviction for violating 75 Pa.C.S. § 3341(b)(1). The notice also informed him that four points were being assessed to his driving record.

On March 13, 2006, Passel filed a summary criminal appeal with the Court of Common Pleas of Mercer County from the February 16, 2006, MDJ conviction for violating 75 Pa.C.S. § 3341(b)(1). On March 24, 2006, Passel filed a statutory appeal from Department's February 24, 2006, suspension notice.

With respect to Passel's summary conviction, after a *de novo* hearing, Judge Fornelli, on August 23, 2006, entered the following order:

AND NOW, August 23, 2006, the oral motion of the Commonwealth to amend the Information to include Obedience to Traffic Control Devices, in violation of 75 Pa.C.S. § 3111(a) is GRANTED.

The Defendant having plead [sic] guilty to the summary offense of **Obedience to Traffic Control Devices**, IT IS THE SENTENCE OF THIS COURT that the Defendant shall pay the costs and a fine of $25.

Pursuant to the plea agreement and on motion of the Commonwealth, the balance of the charges are nol prossed.

(Emphasis in original.) (R.R. at 35a.)

Thereafter, on September 8, 2006, a hearing was conducted with respect to the license suspension. At the hearing, Department introduced the MDJ's certificate of conviction for Passel's having violated 75 Pa.C.S. § 3341(b)(1). Passel argued, however, that he was never finally convicted of violating 75 Pa.C.S. § 3341(b)(1), in that he timely appealed the MDJ's conviction and at the *de novo* hearing on August 23, 2006, the offense was *nol prossed*. Department argued that a *nol pros* does not disturb the underlying conviction before the MDJ, and that only an "acquittal" of the underlying charges at the *de novo* hearing would suffice to overturn the underlying conviction.

The trial court determined that when a person appeals a guilty plea or a conviction by an issuing authority, the trial court conducts a *de novo* review. Such review requires that the court hear the evidence, decide the case anew and after its *de novo* review, enter judgment of either guilty or not guilty. However, inasmuch as the charges for violating 75 Pa. C.S. § 3341(b)(1) were voluntarily withdrawn, there were no charges pending before Judge Fornelli to render a judgment of guilty or not guilty. As such, the trial court granted the petition for appeal of

license suspension filed by Passel. This appeal by Department followed.[1]

We note that in an appeal to a court of common pleas from a suspension of a driver's license, the burden of proof is initially on Department to produce a record of conviction which supports the suspension. *Department of Transportation, Bureau of Traffic Safety v. Stiver*, 100 Pa.Cmwlth. 573, 515 A.2d 99 (1986). The burden then shifts to the licensee to rebut the inference drawn from these records. *Id.* Department argues that it has met that burden here inasmuch as it introduced the MDJ's certificate of conviction for violating 75 Pa.C.S. § 3341(b)(1).

We agree with the trial court, however, that Passel was never finally convicted of violating 75 Pa.C.S. § 3341(b)(1). Specifically, after the MDJ's conviction, Passel filed a summary appeal. In accordance with Pa. R.Crim. P. 462, when a defendant appeals after the entry of a guilty plea or a conviction in any summary proceeding, the case shall be heard *de novo* by a judge of the court of common pleas.

Here, Judge Fornelli conducted a *de novo* hearing. *De novo* review is full consideration of a case at another time. *Civitello v. Department of Transportation, Bureau of Traffic Safety*, 11 Pa.Cmwlth. 551, 315 A.2d 666 (1974). Thus, Judge Fornelli redecided the case. *Id.*

At the hearing before Judge Fornelli, the charge of violating 75 Pa.C.S. § 3341(b)(1) was *nol prossed* and thus Passel was never convicted of the violation. Department nonetheless argues that a *nol pros* of the 75 Pa.C.S. § 3341(b)(1) charge does not constitute a final determination in the defendant's favor so as to eliminate the

---

1. In a license suspension appeal, the only issue is whether the driver was in fact convicted of the offense giving rise to the suspension and whether Department complied with applicable law in suspending the operating privileges. *Siekierda v. Department of Transportation, Bureau of Driver Licensing*, 580 Pa. 259, 860 A.2d 76 (2004). The issue presented is a question of law and thus our review is plenary. Id.

suspension imposed based upon the MDJ's conviction. Department states that a *nolle prosequ* i is a voluntary withdrawal by a prosecuting attorney of proceedings in a particular criminal bill or information, which at any time in the future can be lifted upon appropriate motion to permit a revival of the original criminal bill or information. *Commonwealth v. Ahearn,* 543 Pa. 174, 670 A.2d 133 (1996). While Department's statement is true, it is also true that a *nolle prosequ* i acts neither as an acquittal nor a conviction. *Id.* As such, because the 75 Pa.C.S. § 3341(b)(1) charge was *nol prossed* at the *de novo* hearing, Passel met his burden of proving that he was not convicted of that charge.

Department also argues that according to Pa. R.Crim. P. 462, with respect to a summary appeal conviction, the trial court hearing the case *de novo* may only: dismiss the charge pursuant to Pa. R.Crim. P. 462(C) if the arresting police officer does not appear; dismiss the appeal pursuant to Pa. R.Crim. P. 462(D) or (E) and enter judgment based upon the MDJ's judgment of sentence if Passel either failed to appear for trial or withdrew his appeal; or following a plea or hearing *de novo,* enter a verdict of guilty or not guilty pursuant to Pa. R.Crim. P. 462(F). As Department states, however, the hearing before the trial court is *de novo.* Thus, if the charge is *nol prossed,* as it was here, then there are no charges for the trial court to dispose of.

In accordance with the above, the decision of the trial court is affirmed.

### ORDER

Now, June 8, 2007, the order of the Court of Common Pleas of Mercer County, in the above-captioned matter, is affirmed.