Mitchell James KALINA

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTA- TION, BUREAU OF DRIVER LI- CENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 2007.

Decided July 20, 2007.

Timothy P. Wile, Asst. Counsel In– Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

David J. Flower, Somerset, for appellee.

BEFORE: McGINLEY, Judge and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.[1]

The Department of Transportation, Bu- reau of Driver Licensing (Department) ap- peals an order of the Somerset County Common Pleas Court (trial court) granting the statutory appeal of a license suspen- sion filed by Mitchell James Kalina (Licen- see). Department argues a *nolle pros* of an underlying criminal charge does not constitute a final determination as to elimi- nate a license suspension, and therefore the *nolle pros* does not constitute sufficient evidence to rebut the Department's certi- fied records. We reject this argument and affirm.

In October 2004, Licensee was cited for underage drinking. A Magisterial District Judge (MDJ) convicted Licensee on that summary charge. Consequently, the Ad- ministrative Office of Pennsylvania Courts electronically certified Licensee's convic- tion to Department. Upon receipt of Li- censee's conviction, Department suspended Licensee's operating privilege for 90 days pursuant to 75 Pa.C.S. § 1532(d)(1) (re- quiring the suspension of operating privi-

1. This was reassigned to the author on June  1, 2007.

lege where licensee is convicted of violating 18 Pa.C.S. § 6308). In April 2005, Department reinstated Licensee's operating privilege.

In December 2005, however, a MDJ convicted Licensee of a second underage drinking violation. As a result of this conviction, Department suspended Licensee's operating privilege for one year pursuant to 75 Pa.C.S. § 1532(d)(2) (relating to a second offense for underage drinking).

Licensee appealed the second conviction. At a *de novo* hearing, the trial court *nolle prossed* the second underage drinking charge.[2]

Licensee also timely filed a statutory appeal of Department's one-year suspension. The trial court conducted a hearing with respect to the license suspension, where Department produced the MDJ's certified conviction. Licensee did not produce a copy of the trial court's *nolle pros* order on the underlying criminal charge; however, the trial court took judicial notice of the order and directed "the prothonotary's deputy to make a copy of the [*nolle pros*] order and place [it] in the docket for the civil file on the license suspension appeal." Reproduced Record (R.R.) at 22a. The court ultimately sustained the statutory appeal, and Department appealed.

The trial court subsequently rendered an opinion in support of its license suspension appeal determination. It noted that when a person appeals a guilty plea or conviction by an issuing authority, the trial court conducts a *de novo* review. Such review requires the court hearing the evidence to decide the case anew. Inasmuch as the Commonwealth withdrew the underage drinking charge, there were no charges pending before the trial court on which to render judgment. The trial court concluded a *nolle pros* is not the same as a conviction, and, therefore, sustained Licensee's appeal.

■ On appeal to this Court,[3] Department argues a *nolle pros* of the underage drinking charge does not constitute a final determination in Licensee's favor so as to eliminate the suspension imposed upon the MDJ's conviction. Since a *nolle pros* order is not a final disposition, Department contends it cannot constitute clear and convincing evidence sufficient to rebut the presumption of correctness of Department's certified documents. In addition, pursuant to Pa. R.Crim. P. 462, relating to summary appeal convictions, Department maintains the trial court erred in disposing of the charge.

■ Initially, we note, the burden of proof is on Department to produce a record of conviction which supports the suspension. *Passel v. Dep't of Transp., Bureau of Driver Licensing*, 928 A.2d 381 (Pa.Cmwlth.2007). The burden shifts to the licensee to rebut the inference drawn from these records with clear and convincing evidence. *Id.* Clearly, Department met its initial burden.

Recently in *Passel*, this Court rejected the arguments Department raises here. There, a MDJ convicted a licensee of a summary offense relating to disregard of railroad barriers. Because of this convic-

---

2. More specifically, the trial court granted the Commonwealth's motion to amend the citation to add a violation of 18 Pa.C.S. § 5503 (relating to disorderly conduct). Pursuant to a plea agreement, the court *nolle prossed* the underage drinking charge.

3. Our review in a license suspension case is limited to determining whether the trial court's findings of fact were supported by substantial evidence, whether errors of law were committed, or whether the trial court committed a manifest abuse of discretion. *Stair v. Dep't of Transp., Bureau of Driver Licensing*, 911 A.2d 1014 (Pa.Cmwlth.2006).

tion, Department suspended the licensee's operating privilege. On summary appeal, the Commonwealth *nolle prossed* the underlying criminal charge. The licensee then filed a timely statutory appeal of his license suspension, arguing Department could not impose a license suspension based on a conviction on a charge that was ultimately withdrawn. We agreed with the licensee, holding:

At the hearing before [common pleas], the charge of violating 75 Pa.C.S. § 3441(b)(1) was *[nolle] prossed* and thus [the licensee] was never convicted of the violation. Department nonetheless argues that a *[nolle] pros* ... does not constitute a final determination in the [licensee's] favor so as to eliminate the suspension imposed based upon the MDJ's conviction. Department states that a *nolle prosequi* is a voluntary withdrawal by a prosecuting attorney of proceedings in a particular criminal bill or information.... While Department's statement is true, it is also true that a *nolle prosequi* acts neither as an acquittal nor a conviction. As such, because the ... charge was *[nolle] prossed* at the *de novo* hearing, [the licensee] met his burden of proving that he was not convicted of that charge.

Department also argues that according to Pa. R.Crim. P. 462, with respect to a summary appeal conviction, the trial court hearing the case *de novo* may only: dismiss the charge pursuant to Pa. R.Crim. P. 462(C) if the arresting police officer does not appear; dismiss the appeal pursuant to Pa. R.Crim. P. 462(D) or (E) and enter judgment based upon the MDJ's judgment of sentence if [the licensee] either failed to appear for trial or withdrew his appeal; or following a plea or hearing *de novo*, enter a verdict of guilty or not guilty pursuant to Pa. R.Crim. P. 462(F). As Department states, however, the hearing before the trial court is *de novo*. Thus, if the charge is *[nolle] prossed*, as it was here, then there are no charges for the trial court to dispose of.

*Passel*, at 383–84 (citations omitted).

Applying *Passel* here, we similarly reject Department's arguments. The MDJ convicted Licensee for a second underage drinking violation. Department neither disputes the Commonwealth *nolle prossed* this charge nor that the trial court took judicial notice of its *nolle pros* order. *See* R.R. at 22a. Thus, Licensee rebutted the MDJ's certified conviction.

The Commonwealth has the authority to control the prosecution once the summary appeal is filed. *See* Pa.R.Crim.P. 462(B). Further, the trial court may accept the Commonwealth's motion for *nolle pros.* Pa.R.Crim.P. 585. Thus, the conduct of the prosecution before the trial court was specifically authorized by the applicable rules of procedure, and the trial court did not improperly dispose of any charges. Based on the foregoing, no error is apparent. The trial court is affirmed.

## ORDER

AND NOW, this 20th day of July, 2007, the order of the Somerset County Common Pleas Court is **AFFIRMED.**