Christine **SCHREYER**

v.

**COMMONWEALTH** of Pennsylvania, **DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 2007.
Filed July 20, 2007.

---

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Jennifer L. Richards/Ringdal, Johnstown, for appellee.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Somerset County Common Pleas Court (trial court) granting the statutory appeal of a license suspension filed by Christine Schreyer (Licensee). Department primarily argues a *nolle pros* of an underlying criminal charge does not constitute a final determination as to eliminate a license suspension, and therefore the *nolle pros* does not constitute sufficient evidence to rebut the Department's certified records. We reject this argument and affirm.

In November 2004, Licensee was cited for violating 75 Pa.C.S. § 1543(a) (relating to driving without a license). Licensee pled guilty before a Magisterial District Judge (MDJ). Consequently, the Administrative Office of Pennsylvania Courts electronically certified Licensee's conviction to Department. Upon receipt of Licensee's conviction, Department suspended Licensee's operating privilege for one year pursuant to 75 Pa.C.S. § 1543(c)(1) (requiring Department suspend for an additional year the operating privilege of any person convicted of driving without a license).

Licensee filed a summary appeal with the trial court from the MDJ conviction. At a subsequent hearing, the Commonwealth withdrew the driving without a license charge.[1]

---

1. The trial court granted the Commonwealth's motion to amend the citation to add a violation of 18 Pa.C.S. § 5503 (relating to disorderly conduct). As a result of a plea agreement, the trial court *nolle prossed* the driving without a license charge.

Licensee also filed a timely statutory appeal of Department's decision to impose a one-year license suspension. The trial court conducted a hearing with respect to the license suspension, where Department produced the MDJ's certified conviction. In opposition, Licensee produced the trial court's *nolle pros* order. The court ultimately sustained the statutory appeal, and Department appealed.

The trial court subsequently rendered an opinion in support of its license suspension appeal order. It concluded when a person appeals a guilty plea or conviction by an issuing authority, the trial court conducts a *de novo* review. Such review requires the court to decide the case anew. Inasmuch as the Commonwealth withdrew the charge for driving without a license, there were no charges pending before the trial court to render judgment. Concluding a *nolle pros* is not the same as a conviction, the trial court sustained Licensee's appeal.

■ On appeal to this Court,[2] Department argues a *nolle pros* of the underlying criminal charge does not constitute a final determination in Licensee's favor as to eliminate the suspension imposed upon the MDJ's conviction. Since a *nolle pros* order is not a final disposition, it cannot constitute clear and convincing evidence sufficient to rebut the presumption of correctness of the Department's certified documents. In addition, pursuant to Pa. R.Crim. P. 462, relating to summary appeal convictions, the trial court erred in disposing of the underlying charge.

■ Initially, we note that the burden of proof is on Department to produce a record of conviction which supports the sus-

pension. *Passel v. Dep't of Transp., Bureau of Driver Licensing,* 928 A.2d. 381 (Pa.Cmwlth.2007). The burden shifts to the licensee to rebut the inferences drawn from these records with clear and convincing evidence. *Id.* Here, Department met its initial burden.

Subsequent to the parties' submissions here, we rendered our decision in *Passel.* There, a MDJ convicted a licensee of a summary offense relating to disregard of railroad barriers. Because of this conviction, Department suspended the licensee's operating privileges. On summary appeal, the Commonwealth requested that the summary charge be *nolle prossed,* and the trial court granted the motion. *See* Pa. R.Crim.P. 585. The licensee then filed a timely statutory appeal of his license suspension, arguing Department could not impose a license suspension based upon a conviction on a charge that was ultimately withdrawn. We held:

> At the hearing before [common pleas], the charge of violating 75 Pa.C.S. § 3441(b)(1) was [*nolle*] *prossed* and thus [the licensee] was never convicted of the violation. Department nonetheless argues that a [*nolle*] *pros* ... does not constitute a final determination in the [licensee's] favor so as to eliminate the suspension imposed based upon the MDJ's conviction. Department states that a *nolle prosequi* is a voluntary withdrawal by a prosecuting attorney of proceedings in a particular criminal bill or information.... While Department's statement is true, it is also true that a *nolle prosequi* acts neither as an acquittal nor a conviction. As such, because the ... charge was [*nolle*] *prossed* at the *de novo* hearing, [the licensee] met

---

2. Our review in a license suspension case is limited to determining whether the trial court's findings of fact were supported by substantial evidence, whether errors of law

were committed, or whether the trial court committed a manifest abuse of discretion. *Stair v. Dep't of Transp., Bureau of Driver Licensing,* 911 A.2d 1014 (Pa.Cmwlth.2006).

his burden of proving that he was not convicted of that charge.

Department also argues that according to Pa. R.Crim. P. 462, with respect to a summary appeal conviction, the trial court hearing the case *de novo* may only: dismiss the charge pursuant to Pa. R.Crim. P. 462(C) if the arresting police officer does not appear; dismiss the appeal pursuant to Pa. R.Crim. P. 462(D) or (E) and enter judgment based upon the MDJ's judgment of sentence if [the licensee] either failed to appear for trial or withdrew his appeal; or following a plea or hearing *de novo*, enter a verdict of guilty or not guilty pursuant to Pa. R.Crim. P. 462(F). As Department states, however, the hearing before the trial court is *de novo*. Thus, if the charge is [*nolle*] *prossed*, as it was here, then there are no charges for the trial court to dispose of.

*Passel*, at 384 (citations omitted).

Pursuant to *Passel*, we reject Department's arguments here. The MDJ convicted Licensee for driving without a license. The Commonwealth subsequently moved to *nolle pros* this charge, and the request was granted. As a result, Licensee rebutted the MDJ's certified conviction.

The Commonwealth has the authority to control the prosecution once the summary appeal is filed. *See* Pa.R.Crim.P. 462(B). Further, the trial court may accept the Commonwealth's motion for *nolle pros*. Pa.R.Crim.P. 585. Thus, the conduct of the prosecution before the trial court was specifically authorized by the applicable rules of procedure, and the trial court did not improperly dispose of any charges. Based on the foregoing, no error is apparent. The trial court is affirmed.

### ORDER

AND NOW, this 20th day of July, 2007, the order of the Somerset County Common Pleas Court is **AFFIRMED.**