IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monica Staniec, : 
                Appellant : 
                 : 
      v. :   No.  1194 C.D. 2021
                 :   Submitted: October 28, 2022
City of Philadelphia : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                      FILED:  March 17, 2023

Monica Staniec (Staniec) appeals from the order of the Court of Common Pleas of Philadelphia County (the trial court) denying her motion for class certification. On appeal, Staniec argues the trial court erred in determining she failed to establish a prima facie case for the commonality, typicality, and predominance requirements for class certification. Upon review, we vacate the trial court's order and remand for further consideration of the motion for class certification.

## I.     Background

The City of Philadelphia (the City) organizes and operates the Broad Street Run (the Race), which is an annual running race in the City. Reproduced Record (R.R.) at 3a, 15a. The Race was scheduled to take place on May 3, 2020. *Id.*

Potential racers entered an online lottery,[1] and, if they were selected, paid a $57.00 entry fee to register for the Race. *Id.* Approximately 43,500 people (the Racers) registered for the Race. Trial Ct. Op., 10/22/21, at 1. On March 23, 2020, after accepting the Racers' registration fees, the City delayed the Race and rescheduled it to October 4, 2020, due to the recent onset of the COVID-19 pandemic. R.R. at 3a, 15a.

On July 14, 2020, the City announced its decision to transition the Race to a virtual event,[2] which it admitted was "a result of the public health dangers involved in holding a race of 40,000 runners during the COVID[-]19 pandemic." R.R. at 3a, 15a. The City also informed the Racers they would each receive their official race t-shirt, a finisher's medal, and guaranteed entry into the 2021 Broad Street Run with a 20% registration fee discount. *Id.* at 6a, 16a. Regarding refunds, the City posted a statement on the Race's website indicating "[u]nfortunately, we can't offer runners a refund. . . . We appreciate your understanding of the position we are in and our need to follow our 'no refund' policy that was included in your registration materials." *Id.* at 6a-7a, 17a.

On August 12, 2020, Staniec filed a class action lawsuit against the City in the trial court. *See* R.R. at 1a-13a. In her lawsuit, Staniec brought a cause of action for breach of contract, alleging the City unilaterally changed, and breached, the terms of the contract between the City and the Racers. *Id.* at 9a-10a. Staniec also brought a second, alternative cause of action for unjust enrichment, alleging the City

---

[1] The City gave approximately 5,000 people a guaranteed registration opportunity as part of signing up for a separate running event. R.R. at 5a, 16a. The City also gave a small number of people a guaranteed registration opportunity as tenured or deferred runners. *Id.*

[2] Virtual races, which became common during the COVID-19 pandemic, are running events where runners must run a specific race distance during a specific date range, at a location of their choosing. R.R. at 6a.

was unjustly enriched by retaining the Racers' registration fees and not providing an in-person race. *Id.* at 10a-11a.

On September 22, 2021, after Staniec filed a motion for class certification and the parties submitted briefs, the trial court held a class certification hearing. *See* R.R. at 415a-40a. At the hearing, Staniec's counsel presented argument, through a PowerPoint presentation, as to why class certification was appropriate in this matter. *See* R.R. at 417a-33a, 441a-74a. Staniec's counsel did not admit any documents or other evidence into the record. *See* R.R. at 415a-40a. Thereafter, the City argued Staniec failed to carry her burden of proof with regard to each element necessary for class certification, except for numerosity (which the City conceded), because Staniec only presented conclusory statements and allegations through argument, not evidence, at the class certification hearing. *Id.* at 433a-34a. Thus, the City rested and did not present evidence in opposition to Staniec's proposed class certification. *Id.* at 433a-37a.

On October 25, 2021, the trial court entered an order denying Staniec's motion for class certification and transferring Staniec's individual claims to the trial court's compulsory arbitration program. *See* Trial Ct. Order, 10/25/21. In its opinion, the trial court determined Staniec failed to present evidence to "satisfy the commonality, typicality, and predominance requirements for certifying a class."[3] *See* Trial Ct. Op., 10/25/21, at 11.

---

[3] The trial court initially opined that "the [a]dequacy of [r]epresentation [r]equirement [was] [n]ot [f]ully [s]atisfied" because "there [was] no evidence that representative plaintiff's interests in maintaining this class action are not in conflict with those of class members who waived their right to a refund or otherwise wish to let the City retain their registration fee." *See* Trial Ct. Op., 10/25/21, at 9. Despite this statement, the trial court did not include adequacy of representation in its list of reasons for denying class certification. *See id.* at 11. Additionally, in its opinion in support of order, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial **(Footnote continued on next page…)**

With respect to commonality, the trial court concluded "[t]here are questions of law and fact common to each class member's claims, questions of law and fact that may require the creation of several sub-classes, and other questions of law and fact that may require individualized inquiries." *Id.* at 2. The trial court noted the City admitted many of the material facts and opined that the remaining issues are "issues of law that cannot be resolved without taking into consideration the City's defenses . . . ." *Id.* at 5. The trial court then conceded the City's two main defenses to Staniec's breach of contract claim (waiver and impossibility) are common to all class members. *Id.* at 5-6. If those common defenses fail, however, the trial court opined it would have to "consider the City's additional, much more individualized, affirmative defenses to the breach of contract claim . . . ." *Id.* at 6.

Those "affirmative defenses" included (a) whether "some or all class members receive[d] sufficient value in exchange for their registration fee[,]" such as: (1) "the [r]unners' [p]ackage[,]" (2) participation in "the 2020 virtual race[,]" (3) the "right to run in 2021 at a discounted rate[,]" and (4) the right to "transfer their [registration] for free to other persons[,]" (b) whether "some class members 'value the civic and charitable nature of the race [and/or] simply understand the unique public health circumstances that forced the change in the race and seek no further remedy[,]'" and (c) whether "some class members . . . fail[ed] to mitigate their damages by not asking for a refund[.]" Trial Ct. Op., 10/25/21, at 7.

Finally, the trial court noted that if Staniec's "contract claim fails, the class [would be] left with only the unjust enrichment claim . . . ." *Id.* According to the

court expressly stated that "this court did not base its decision to deny certification on any failure of plaintiff to satisfy the adequacy requirement . . . but rather this court based its decision not to certify the class on plaintiff's failure to make out a prima facie case with respect to the commonality, typicality, and predominance requirements." *See* Trial Ct. Op., 12/10/21, at 4.

trial court, Staniec's unjust enrichment claim "'demands an individualized inquiry, because it requires a showing that the plaintiff [conferred benefits] in good faith, that the defendant [appreciated those benefits], and that the plaintiff had a reasonable expectation of compensation.'" *Id.* at 7-8 (citation and emphasis omitted). The trial court concluded "these issues necessarily involve individual inquiries not suited to resolution through the class action mechanism." *Id.* at 8.

With respect to typicality, the trial court concluded Staniec's "claims may not be typical with respect to the questions concerning every potential sub-class, and her claims may not be typical with respect to the individual defenses." Trial Ct. Op., 10/25/21, at 3. The trial court noted the "named plaintiff's position appears to have diverged from that of other class members," because she did not ask for or receive a refund, run in the virtual race, or transfer her registration to someone else. *Id.* at 8-9. In addition, the trial court noted Staniec may not ascribe the same value as other class members to receiving the runners' package, automatic entry and discounted registration for the 2021 Broad Street Run, or the City's charitable endeavors. *Id.* at 9. As a result, the trial court concluded "there is no testimony or other evidence that [Staniec's] claims are typical of the entirety of the putative class." *Id.*

With respect to predominance, the trial court, noting the issues outlined above, opined that the common questions of law or fact did not predominate over questions affecting only individual members, because "there is no evidence that the common unanswered questions of law and fact raised by plaintiff predominate over the many individualized questions raised by the City's myriad pled defenses, which apply to each of the putative class members differently." *Id.* at 10.

5

Staniec timely appealed to this Court[4] from the trial court's October 25, 2021 order.[5] In her appeal, Staniec asserts the trial court committed several errors of law in determining she did not establish a prima facie case for the commonality and predominance requirements for class certification. In addition, Staniec asserts the trial court applied the incorrect legal standard and relied upon speculation in determining she did not establish the typicality requirement.

## II.    Analysis

In reviewing a trial court's decision on class certification, we are mindful that:

> [c]lass certification presents a mixed question of law and fact. The trial court is vested with broad discretion in deciding whether an action may be pursued on a class-wide basis and, where the court has considered the procedural requirements for class certification, an order granting class certification will not be disturbed on appeal unless the court abused its discretion in applying them. . . . In deciding whether class action procedural requirements were misapplied or 'an incorrect legal

---

[4]   Staniec asserts this Court has jurisdiction pursuant to 42 Pa.C.S. § 762(a)(4). Despite the title ("local government civil and criminal matters"), 42 Pa.C.S. § 762(a)(4) does not confer jurisdiction on the Commonwealth Court *every* time a local government is a named party in a civil lawsuit. In this particular case, none of the specific provisions of 42 Pa.C.S. § 762(a)(4) confer jurisdiction on this Court, as this is a breach of contract and/or unjust enrichment claim that is unrelated to any statutes regulating local governmental entities. Nevertheless, since the City did not object, our jurisdiction was perfected pursuant to 42 Pa.C.S. § 704(a).

[5]   The trial court's October 25, 2021 order is appealable as a collateral order pursuant to Pa.R.A.P. 313, as this Court has held that orders denying class certification are collateral orders. *See, e.g., Doe 1 v. Franklin Cnty.*, 272 A.3d 1022, 1031 (Pa. Cmwlth. 2022); *Dunn v. Allegheny Cnty. Prop. Assessment Appeals & Rev.*, 794 A.2d 416 (Pa. Cmwlth. 2002). Our sister court, the Pennsylvania Superior Court, has likewise consistently held that "an order refusing to certify a class is an appealable collateral order." *See Cardinale v. R.E. Gas Dev., LLC*, 154 A.3d 1275, 1285 (Pa. Super. 2017) (quoting *Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1283 n.2 (Pa. Super. 2015)). "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citation omitted).

6

standard [was] used in ruling on class certification,' we review issues of law subject to plenary and de novo scrutiny.

*Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 15 (Pa. 2011) (internal citations omitted). When our scope of review is plenary, we may review the entire record. When our standard of review is de novo, we may fully reconsider the issues. *See Passel v. Dep't of Transp., Bureau of Driver Licensing*, 928 A.2d 381, 383 (Pa. Cmwlth. 2007).

A class action is a "procedural device designed to promote efficiency and fairness in the handling of large numbers of similar claims, while providing a forum for small claimants to seek compensation for claims that would otherwise be too small to litigate." *Dunn v. Allegheny Cnty. Prop. Assessment Appeals & Rev.*, 794 A.2d 416, 423 (Pa. Cmwlth. 2002). Accordingly, "decisions in favor of maintaining a class action should be liberally made." *Id.* (citing *Janicik v. Prudential Ins. Co. of Am.*, 451 A.2d 451 (Pa. Super. 1982)). A case may proceed as a class action if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;
(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in [Pennsylvania] Rule [of Civil Procedure] 1709; and
(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in [Pennsylvania] Rule [of Civil Procedure] 1708.

Pa.R.Civ.P. 1702.

Once the pleadings close and a plaintiff files a motion for certification of a class action, trial courts must hold a class certification hearing. *See* Pa.R.Civ.P. 1707. At the class certification hearing, the burden of proof is upon the party seeking certification. *Janicik*, 451 A.2d at 454. The party seeking certification "need only

7

present evidence sufficient to make out a prima facie case 'from which the court can conclude that the five class certification requirements are met.'" *Baldassari v. Suburban Cable TV Co.*, 808 A.2d 184, 189 (Pa. Super. 2002) (quoting *Janicik*, 451 A.2d at 455). Prima facie evidence is "[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced." BLACK'S LAW DICTIONARY (11th ed. 2019). While this "burden is not heavy, more than mere conjecture or conclusory allegations are required." *Doe 1 v. Franklin Cnty.*, 272 A.3d 1022, 1033 (Pa. Cmwlth. 2022). A trial court must "consider all relevant testimony, depositions, admissions and other evidence." Pa.R.Civ.P. 1707.[6] Trial courts also "regularly and properly employ reasonable inferences, presumptions, and judicial notice." *Janicik*, 451 A.2d at 454-55 (citations omitted).

"Because the requirements for class certification are closely interrelated and overlapping, the class proponent need not prove separate facts supporting each; rather, her burden is to sufficiently establish those underlying facts from which the court can make the necessary conclusions and discretionary determinations." *Janicik*, 451 A.2d at 455 (citations omitted). Additionally, "[w]ell-pleaded class action allegations, if admitted by the class opponent, may be considered as evidence at the class certification hearing." *Id.* (citations omitted). If the party seeking certification carries its burden, the burden then shifts to the class opponent to present contrary evidence that class certification is improper. *Id.* at 455-56. Absent a contrary showing, the class action is presumed valid. *Id.* at 457.

---

[6] "At the certification hearing, the court will have before it the class action allegations in the complaint, the defendant's answer to these allegations, any depositions or admissions relating to these allegations and any testimony relating to those allegations that may be offered at the hearing." Pa.R.Civ.P. 1707, 1977 Explanatory Comment.

## A. Commonality and Predominance

We begin our analysis by considering Staniec's position that the trial court committed legal errors in analyzing the commonality and predominance requirements for class certification. To maintain a class action, the class proponent must establish there are "questions of law or fact common to the class." Pa.R.Civ.P. 1702(2). This is referred to as the commonality requirement. In analyzing whether a class meets the commonality requirement, "[t]he critical inquiry for the certifying court is whether the material facts and issues of law are substantially the same for all class members." *Samuel-Bassett*, 34 A.3d at 22.

The predominance requirement, as it is commonly referred to, examines "whether common questions of law or fact predominate over any questions affecting only individual [class] members." *See* Pa.R.Civ.P. 1702(5), 1708(a)(1). "The standard for showing predominance is more demanding than that for showing commonality, . . . but is not so strict as to vitiate Pennsylvania's policy favoring certification of class actions." *Samuel-Bassett*, 34 A.3d at 23 (citations omitted). "The 'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Id.* (citation omitted). "Thus, a class consisting of members for whom most essential elements of its cause or causes of action may be proven through simultaneous class-wide evidence is better suited for class treatment than one consisting of individuals for whom resolution of such elements does not advance the interests of the entire class." *Id.* (citations and emphasis omitted).

Staniec's first argument is that the trial court committed legal error in concluding she failed to establish the commonality and predominance requirements for class certification by improperly considering the City's unsupported claims.

Staniec chose to only present argument at the class certification hearing, and she did not admit any evidence or provide the testimony of any witnesses. *See* R.R. at 415a-40a. The City, believing Staniec did not present any evidence to sustain her burden of proof, chose to also not present any evidence or testimony at the class certification hearing. *See* R.R. at 433a-37a. The trial court, however, had an obligation to consider all "[w]ell-pleaded class action allegations, if admitted by the class opponent, . . . as evidence at the class certification hearing." *Janicik*, 451 A.2d at 455. Since the City admitted to facts in its Answer to Staniec's Complaint, Staniec did not need to introduce additional evidence at the hearing to sustain her burden. Instead, the burden shifted to the City.

Unlike the City, Staniec only admitted one material allegation from the City's Answer and New Matter, which was that she did not request a refund of her registration fee. *See* R.R. at 20a, 24a-26a. Because Staniec did not admit the City's additional allegations and the City chose to not present any evidence to support those allegations, the trial court was not permitted to consider them. *See* Pa.R.Civ.P. 1707(c) ("[T]he court shall consider all relevant testimony, depositions, admissions, and other evidence."). The trial court did, however, consider the City's unsupported allegations.[7] As Staniec asserted, this was an error of law.

Staniec's second argument is the trial court failed to properly consider the facts admitted by the City in its commonality and predominance analysis. The trial court identified many of the facts the City admitted in its opinion. *See* Trial Ct. Op.,

---

[7] As one example of the trial court's error, the trial court noted that the City asserted in its memorandum of law in opposition to class certification that some class members "value the civic and charitable nature of the race [and/or] simply understand the unique public health circumstances that forced the change in the race and seek no further remedy[.]" *See* Trial Ct. Op., 10/25/21, at 7. The trial court improperly considered these assertions, which had no evidentiary backing and were not the subject of any of Staniec's admissions, and analyzed them as "individualized[] affirmative defenses." *See id.* at 6-7.

10

10/25/21, at 5. However, the trial court then only considered the remaining contested matters when determining whether the case presented common questions of law or fact. *Id.* at 5-8, 10 ("[T]here is no evidence that the common, **unanswered** questions of law and fact raised by plaintiff . . .") (emphasis added). The "critical inquiry," as set forth in *Samuel-Bassett*, is not whether the **unanswered** material facts and issues of law are substantially the same for all of the class members, but whether "the material facts and issues of law are substantially the same for all class members." *Samuel-Bassett*, 34 A.3d at 22. This includes material facts and/or issues of law which have been admitted by the parties. *See Janicik*, 451 A.2d at 455 ("Well-pleaded class action allegations, if admitted by the class opponent, may be considered as evidence at the class certification hearing."). Accordingly, we agree with Staniec that the trial court committed legal error by failing to consider the City's admissions in its commonality and predominance analysis.

Staniec also argues the trial court improperly considered the City's position that the proposed class members could have requested a refund. The trial court considered the proposed class members' failure to request a refund, thereby failing to mitigate damages, as a potential "individualized[] affirmative defense" to the breach of contract claim. *See* Trial Ct. Op., 10/25/21, at 6-7. Unlike the City's other potential defenses, the City had an evidentiary showing to support this potential defense, because Staniec admitted in her Reply to New Matter that she did not request a refund of her registration fee.[8] *See* R.R. at 20a, 24a. At the class certification stage, "the merits of the action and the right of the plaintiff to recover are to be excluded from consideration." *See* Pa.R.Civ.P. 1707, Explanatory

---

[8] Staniec did not request a refund because the City posted on the Race's website that it "can't offer runners a refund" and "need[ed] to follow [its] 'no refund' policy." R.R. at 6a-7a.

11

Comment. Accordingly, the trial court properly disregarded the *merits* of this defense and considered it, not as a proven defense, but as a potential defense.

The trial court did err, however, in considering the potential class members' failure to request refunds as an individualized defense. Staniec's proposed class included all registrants for the Race who did not receive a refund. The City admitted that it refunded the registration fees for each Racer who requested a refund. *See* R.R. at 15a. As a result, the City's defense relating to the class members not requesting a refund will be common to the entire class.

Staniec also posits that the trial court erred when it considered the City's efforts to mitigate damages as negating the fact damages exist and creating individualized defenses to the breach of contract claim. Specifically, Staniec argues the trial court erred in questioning the "subjective 'value' the modified contract provided," because "[t]he City's arguments, and the trial court's naked acceptance of them, all related to post-breach conduct and the improper contract modification." Appellant's Br. at 23-26. Thus, Staniec argues "[w]hether the virtual race had any value is immaterial; or at most goes generally to the concept of mitigation." *Id.* at 26. Staniec further argues the City's "purported individualized defenses" "at best . . . go to the *amount* of damage each Proposed Class member suffered, not the *fact* of damage." *Id.* at 27 (emphasis in original). We agree.

An affirmative defense is defined as "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." BLACK'S LAW DICTIONARY (11th ed. 2019). To prove her primary breach of contract claim, Staniec would have to establish three basic elements: (1) the existence of a contract, including its essential terms, (2) a breach

12

of a duty imposed by the contract, and (3) resultant damages. *Gen. State Auth. v. Coleman Cable & Wire Co.*, 365 A.2d 1347, 1349 (Pa. Cmwlth. 1976).

As fully outlined above, and as found by the trial court, the City admitted the material facts that were necessary for Staniec to establish a prima facie case for her breach of contract claim. *See* Trial Ct. Op., 10/25/21, at 4-5. The City's claims regarding its conduct after the alleged breach of contract (providing the Racers with a race shirt, runner's package, virtual race, guaranteed and discounted entry to the next year's race, and the ability transfer their registration for free) do not defeat any of the three basic elements of Staniec's breach of contract claim. Instead, they relate to mitigation and the amount of damages, not whether damages exist. "[I]t is well established that questions as to the amount of individual damages will not preclude a class action." *Baldassari*, 808 A.2d at 194-95. Accordingly, the trial court erred in utilizing the City's mitigation efforts as a basis to deny class action certification.

With the trial court's specific errors in mind, we review its conclusion Staniec failed to establish the commonality and typicality requirements for class certification. The "critical inquiry" for commonality is whether "the material facts and issues of law are substantially the same for all class members." *Samuel-Bassett*, 34 A.3d at 22. This includes all admitted material facts. *See Janicik*, 451 A.2d at 455 ("Well-pleaded class action allegations, if admitted by the class opponent, may be considered as evidence at the class certification hearing."). Predominance favors "a class consisting of members for whom most essential elements of its cause or causes of action may be proven through simultaneous class-wide evidence." *Samuel-Bassett*, 34 A.3d at 23. Each element of Staniec's breach of contract claim and each defense to that claim are common to the City and all the proposed class

13

members. In addition, the first two elements[9] of Staniec's unjust enrichment claim are also common to the parties.

While it is true there are some more individualized inquiries with respect to the third element of Staniec's unjust enrichment claim (whether the City's acceptance and retention of the Racer's registration fees was under inequitable circumstances), "the existence of distinguishing individual facts is not 'fatal' to certification." *Samuel-Bassett*, 34 A.3d at 23 (citation omitted). Instead, "the common questions of fact and law merely must predominate over individual questions." *Id.* When we consider Staniec's primary contractual claim and much of her alternative unjust enrichment claim are comprised of common questions of fact and law, the common issues readily predominate over the far less significant questions affecting only individual members.[10] Accordingly, we conclude the trial court applied incorrect legal standards and erred in determining that Staniec failed to establish a prima facie case for the commonality and predominance requirements of class certification.

## B. Typicality

We next consider Staniec's argument the trial court applied an incorrect legal standard and improperly speculated in determining she did not establish "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *See* Pa.R.Civ.P. 1702(3). This is commonly known and referred to as the

---

[9] A claim for unjust enrichment requires proof of "(1) benefits conferred on the defendant by the plaintiff; (2) appreciation of the benefits by the defendant; and (3) the defendant's acceptance and retention of the benefits under circumstances that it would be inequitable to do so." *Wilson Area Sch. Dist. v. Skepton*, 860 A.2d 625, 631 (Pa. Cmwlth. 2004) (citation omitted).

[10] Should the trial court grant class certification and determine that this is no longer true at any point in the litigation, "[t]he court may alter, modify, or revoke the [class] certification." *Janicik*, 451 A.2d at 455 (citing Pa.R.Civ.P. 1710, 1711).

14

typicality requirement. "Its purpose is to determine whether the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that her pursuit of her own interests will advance those of the proposed class members." *Janicik*, 451 A.2d at 457 (citation omitted). "Typicality exists if the class representative's claims arise out of the same course of conduct and involve the same legal theories as those of other members of the putative class." *Samuel-Bassett*, 34 A.3d at 31 (citing *Dunn*, 794 A.2d at 425).

The trial court only considered the differing *amount* of damages that various class members could recover in determining that Staniec had not established typicality. *See* Trial Ct. Op., 10/25/21, at 8-9. "It is well established that questions as to the amount of individual damages will not preclude a class action." *Baldassari*, 808 A.2d at 194-95; *Cook v. Highland Water & Sewer Auth*., 530 A.2d 499, 505 (Pa. Cmwlth. 1987) ("Where a common source of liability can be clearly identified, varying amounts of damage among the plaintiffs will not preclude class certification. However, where there exists [ ] various intervening and possibly superseding causes of the damage, liability cannot be determined on a class-wide basis."). Accordingly, the trial court erred in determining Staniec did not establish a prima facie case for the typicality requirement.

In analyzing the correct legal standard, we note that the City admitted it entered into a contract with the Racers for an in-person race, received the Racers' registration fees, cancelled the in-person race, and did not refund the Racers' registration fees.[11] Staniec is seeking compensation for the Racers, in the form of a refund of their registration fees, on theories of breach of contract and unjust enrichment. Staniec's claims arose from the same course of conduct and involve the

---

[11] Except for those individuals who ignored the City's directive that it would not provide refunds and, nevertheless, requested a refund.

same legal theories as the rest of the putative class's claims. In addition, Staniec's pursuit of her own interests, where she seeks a refund of her own registration fee, will advance the proposed class members' interests. Thus, we conclude Staniec has established a prima facie case for the typicality requirement and the trial court's contrary conclusion was based upon the application of an improper legal standard.

## C. Fair and Efficient Method for Adjudication

Although we have determined the trial court erred in determining Staniec failed to establish a prima facie case for the commonality, predominance, and typicality requirements for class certification, we cannot simply reverse the trial court. The predominance requirement is only one of several factors outlined in Pennsylvania Rule of Civil Procedure 1708 for determining the fifth requirement for class certification, which is that "a class action [must] provide[] a fair and efficient method for adjudication of the controversy under the criteria set forth in [Pennsylvania] Rule [of Civil Procedure] 1708." Pa.R.Civ.P. 1702(5). After the trial court determined Staniec had not established the predominance requirement, it stopped analyzing the other factors set forth in Rule 1708. "It is not for this Court, in the first instance, to make findings on these factors." *Doe 1*, 272 A.3d at 1036. Accordingly, we must vacate the trial court's order and remand this matter to the trial court to make findings of fact and conclusions of law as to whether Staniec established that a class action would provide a fair and efficient method for adjudication of the controversy under the criteria set forth in Pa.R.Civ.P. 1708.

## III. Conclusion

For the reasons set forth above, we conclude the trial court applied incorrect legal standards in determining that Staniec failed to establish a prima facie case for

16

the commonality, typicality, and predominance requirements[12] for class certification. In analyzing the correct legal standards, we conclude Staniec has established a prima facie case for each of these requirements. The trial court did not, however, analyze the remaining factors set forth in Pennsylvania Rule of Civil Procedure 1708. As a result, we vacate the trial court's order and remand this matter to the trial court for further findings and conclusions consistent with this opinion.

_____
STACY WALLACE, Judge

---

[12] The trial court also previously concluded that Staniec established the numerosity and adequacy of representation requirements.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monica Staniec,                          :
                    Appellant           :
                                        :
        v.                              :    No.  1194 C.D. 2021
                                        :
City of Philadelphia                    :


**O R D E R**


    **AND NOW**, this 17th day of March 2023, the order of the Court of Common Pleas of Philadelphia County entered October 25, 2021 is **VACATED**, and the matter is **REMANDED** to the Court of Common Pleas of Philadelphia County for further findings and conclusions consistent with the attached opinion.  Jurisdiction relinquished.


                              _____
                              STACY WALLACE, Judge